PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET

## CASE NO. PC-2021-07330

| | | | | |
|---|---|---|---|---|
| Gail Sawyer et al.<br>v.<br>Nationstar Mortgage LLC, d/b/a Mr. Cooper et al. | § § § § | | Location:<br>Filed on: | **Providence/Bristol County**<br>**Superior Court**<br>**12/03/2021** |

---

### CASE INFORMATION

**Statistical Closures**
01/14/2022    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Action**

Case Status: **01/14/2022   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number  PC-2021-07330<br>Court  Providence/Bristol County Superior Court<br>Date Assigned  12/03/2021 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Benros, Rose** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Blais, Russell** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Breton, Ronald** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Charles, Emmanuel Jean** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Delprete, Philip** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Delprete, Veronica** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Fulford, Cathy** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Hardrow, Jacqueline** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Hector, Elizabeth** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Lynch, Craig T** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Lynch, Linda A** | **Dion, Todd** |

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2021-07330

| | | |
|---|---|---|
| | | *Retained*<br>4019654131(W) |
| | Ray, John, III | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | Savastano, John | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | Savastano, Katherine F | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | Sawyer, Gail E | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | Sawyer, Marc L | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | Sullivan, Jennifer J | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| **Defendant** | Nationstar Mortgage LLC, d/b/a Mr. Cooper | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Tee for Merrill Lynch First Franklin Mtg. Loan Tr. 2007-1 | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for Bank of America Funding Corp 2009-FT1 Tr | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for First Franklin Mtg. Loan Trust 2007-5 | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for Merrill Lynch First Franklin Mtg Tr. 2007-1 | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for Merrill Lynch Mtg Investors Tr. Series MLN1 | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for MLMI Trust Series 2007-HE3 | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for NRZ Pass Through Trust V | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for Specialty Underwriting and Residential Financ | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for the Structured Adj Rate Mtg Loan Tr, 2005-9 | **ANKROM, JEFFREY C.**<br>*Retained*<br>4012766440(W) |
| | US Bank Nat'l Ass'n as Trustee for the Structured Adj Rate Mtg. Tr 2005-9 | **ANKROM, JEFFREY C.**<br>*Retained* |

*Printed on 01/14/2022 at 7:56 AM*

# SC DOCKET SHEET
## CASE NO. PC-2021-07330

4012766440(W)

| | |
|---|---|
| US Bank Nat'l Ass'n, as Trustee for Banc of America Funding 2009-FT1 Trust | **ANKROM, JEFFREY C.** *Retained* 4012766440(W) |
| US Bank Nat'l Ass'n, as Trustee for Harbourview 2005-2 Trust Fund | **ANKROM, JEFFREY C.** *Retained* 4012766440(W) |
| US Bank Nat'l Ass'n, as Trustee for Merrill Lynch First Franklin Mtg Tr. 2007-3 | **ANKROM, JEFFREY C.** *Retained* 4012766440(W) |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| | **EVENTS** |
| 01/14/2022 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 01/14/2022 | Case Removed to US District Court |
| 01/10/2022 | Rule 7 Motion to Enlarge Time *Motion for Extension of Time to Plead by Defendants Nationstar and U.S. Bank Nat'l Ass'n as Trustee* |
| 01/10/2022 | Entry of Appearance *Entry of Appearance by Jeffrey C. Ankrom on Behalf of Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and U.S. Bank National Association as Trustee?* |
| 01/10/2022 | Entry of Appearance *Entry of Appearance by Krystle G. Tadesse on Behalf of Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and U.S. Bank National Association as Trustee?* |
| 01/10/2022 | Entry of Appearance *Entry of Appearance by Joseph A. Farside, Jr. on Behalf of Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and U.S. Bank National Association as Trustee* |
| 12/03/2021 | Summons |
| 12/03/2021 | Complaint Filed *initial class action complaint* |
| | **HEARINGS** |
| 01/27/2022 | **Rule 7 Hearing on Motion to Enlarge Time** (9:30 AM) (Judicial Officer: Cruise, Associate Justice David ;Location: Licht Courtroom 16) |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Gail Sawyer, et al        vs.  Nationstar Mortgage LLC d/b/a Mr. Cooper et al

Federal Court Case No. 1:22-cv-00020        State Court Case No. PC-2021-07330

**Record Information**

Confidential:        Yes ☐        No ☑        Description: _____

Sealed documents:        Yes ☐        No ☑        Description: _____

**Certification**

I, Carol MacLean _____, Clerk of the Rhode Island Superior Court for the County of

Providence _____ do certify that the attached documents are all the documents

included in the record in the above referenced case.

Date: 01/14/2022

Clerk of Court

/s/ Carol MacLean _____

By Deputy Clerk

STATE OF RHODE ISLAND      SUPERIOR COURT
PROVIDENCE, SC.

GAIL E. SAWYER, ET AL       :
                 :
      Plaintiffs,        :
                 :
     v.           :   C. A. No. PC-2021-07330
                 :
NATIONSTAR MORTGAGE, LLC D/B/A   :
MR. COOPER, ET AL        :
                 :
      Defendants.      :

### NOTICE TO ADVERSE PARTIES OF FILING
### <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

To:    Todd S. Dion, Esq.
     681 Park Avenue, Suite 24
     Cranston, RI  02910
     toddsdion@msn.com

Pursuant to 28 U.S.C. § 1446 (d), please take notice that defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and U.S. Bank National Association as Trustee filed a notice of removal to federal court of the above-captioned action from the Superior Court of the State of Rhode Island, Providence County, to the United States District Court for the District of Rhode Island.

102617612v.1

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS    Document 3    Filed 01/14/22    Page 6 of 120 PageID #: 125

DEFENDANTS,

NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE

By their Attorneys,

*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

January 13, 2022

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of January, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Cranston, RI 02910
toddsdion@msn.com

*/s/ Krystle G. Tadesse, Esq.*

2

102617612v.1

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

GAIL E. SAWYER, ET AL                    :
                                         :
            Plaintiffs,                  :
                                         :
    v.                                   :    C. A. No. PC-2021-07330
                                         :
NATIONSTAR MORTGAGE, LLC D/B/A           :
MR. COOPER, ET AL                        :
                                         :
            Defendants.                  :

### <u>NOTICE TO STATE COURT OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446(d), defendants Nationstar Mortgage, LLC d/b/a Mr.

Cooper and U.S. Bank National Association as Trustee ("Defendants") give notice to the

Superior Court of Rhode Island that Defendants' Notice of Removal was filed with the United

States District Court for the District of Rhode Island on January 13, 2022. A copy of

Defendants' Notice of Removal is attached hereto as **Exhibit A**.

                          DEFENDANTS,

                          NATIONSTAR MORTGAGE, LLC D/B/A MR.
                          COOPER AND U.S. BANK NATIONAL
                          ASSOCIATION AS TRUSTEE

                          By their Attorneys,


                          */s/ Krystle G. Tadesse, Esq.*
                          Joseph A. Farside, Jr. (#7559)
                          Krystle G. Tadesse (#7944)
                          Jeffrey C. Ankrom (#7663)
                          LOCKE LORD LLP
                          2800 Financial Plaza
                          Providence, RI 02903
                          (401)-274-9200
                          (401) 276-6611 (Fax)
                          joseph.farside@lockelord.com
                          krystle.tadesse@lockelord.com
                          jeffrey.ankrom@lockelord.com

January 13, 2022


102617633v.1

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS    Document 3    Filed 01/14/22    Page 8 of 120 PageID #: 127

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that on the 13th day of January, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Cranston, RI 02910
toddsdion@msn.com

                      */s/ Krystle G. Tadesse, Esq.*

2

102617633v.1

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS    Document 3    Filed 01/14/22    Page 9 of 120 PageID #: 128

# EXHIBIT A

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL E. SAWYER, ET AL                    :
                                         :
            Plaintiffs,                   :
                                         :
    v.                                   :        C. A. No.
                                         :
NATIONSTAR MORTGAGE, LLC D/B/A           :
MR. COOPER, ET AL                        :
                                         :
            Defendants.                   :

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d) and 1441(b), defendants, Nationstar Mortgage, LLC

d/b/a Mr. Cooper ("Nationstar") and U.S. Bank National Association as Trustee[1] ("U.S. Bank

as Trustee") (collectively, "Defendants"), by and through its attorneys, Locke Lord LLP, for the

---

[1] Specifically referring to the following defendants named in the Complaint:

U.S. Bank National Association, as Trustee for Banc of America Funding 2009-FT1 Trust, Mortgage Pass-Through Certificates, Series 2009-FT1,

U.S. Bank National Association, as Trustee for Harborview 2005-2 Trust Fund,

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association as Trustee for First Franklin Mortgage Loan Trust 2007-5, Mortgage Pass-Through Certificates Series 2007-5,

U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC5,

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 Mortgage Pass-Through Certificates, Series 2007-1,

U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust V,

U.S. Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3,

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1,

U.S. Bank National Association, as Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A, as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE3,

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLN1,

U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for the Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-9,

U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for the Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-9,

U.S. Bank National Association, as Trustee for Certificateholders of Banc of America Funding Corporation 2009-FT1 Trust, Mortgage Pass-Through Certificates, Series FT1,

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

purpose of removing this case to the United States District Court for the District of Rhode Island, respectfully states:

1.  **State Court Action.**  On December 3, 2021, seventeen plaintiffs, Gail E. Sawyer, Marc L. Sawyer, Veronica Delprete, Philip Delprete, Elizabeth Hector, Jacqueline Hardrow, Katharine F. Savastano, John Savastano, Rosa Benros, Ronald Breton, Cathy Fulford, John Ray, III, Craig T. Lynch, Linda A. Lynch, Russell L. Blais, Emmanuel Jean Charles, Jennifer J. Sullivan (collectively, "Plaintiffs"), filed a complaint in the Superior Court of Rhode Island, Providence County, numbered Case No. PC-2021-07330, on behalf of themselves and a purported class of similarly situated plaintiffs.  The Complaint is attached hereto as **Exhibit A**.

2.  **Federal Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, as set forth in the following subparts. This Court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 ("CAFA") because (1) Plaintiffs allege that the putative class contains "hundreds of individuals," (Compl. ¶ 265); (2) the citizenship of at least one class member is different than that of any defendant; and (3) the aggregate amount placed in controversy by the claims of Plaintiffs and the proposed putative class members is likely to exceed the sum or value of $5,000,000.00, exclusive of interests and costs.

**DIVERSITY**

a.  As a basis for removal, this Action is within the original jurisdiction of the District Court under 28 U.S.C. § 1332, which provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy

2

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1).

b.     Veronica Delprete and Philip Delprete allege to be located in Staten Island, New York. Compl. ¶ 16. Emmanuel Jean Charles alleges to be located in Apex, North Carolina. Compl. ¶ 36. The remaining Plaintiffs have alleged that they are citizens of the State of Rhode Island. *See* Compl. ¶¶ 13, 18, 20, 22, 24, 26, 28, 30, 32, 34, 38.

c.     Nationstar Mortgage is a Delaware limited liability company, with its principal place of business in the state of Texas. The citizenship of a limited liability company is determined by the citizenship of the members of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Nationstar's members are Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Both Sub1 and Sub2 are Delaware LLC's, and the sole member of each is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a corporation incorporated under the laws of the state of Delaware with its principal place of business in the state of Texas. A corporation is deemed "to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, for diversity purposes, Nationstar is a citizen of the states of Delaware and Texas.

d.     U.S. Bank National Association is sued in its capacity as trustee for thirteen named trusts. As trustee, U.S. Bank National Association's citizenship controls for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). U.S. Bank National Association is a federally-chartered national banking association. A national banking association's citizenship is determined solely by the location of its main office

3

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 13 of 120 PageID #: 132

as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."). U.S. Bank's main office is in Ohio and U.S. Bank is, therefore, a citizen of Ohio for diversity purposes.

e. Accordingly, Plaintiffs and Defendants are completely diverse. 28 U.S.C. §§ 1332(a)(1); 1441(b).

## AMOUNT IN CONTROVERSY

f. Plaintiffs seek to void the foreclosure and foreclosure sale of 13 subject real properties located at the following addresses:

(1) 3 New Court, Pawtucket, RI 02860 (Compl. ¶¶ 13; 57 (describing foreclosure sale as "void, invalid, and without force or effect");

(2) 131-133 Ledge Street, Providence, RI 02908 (Compl. ¶¶ 16; 74);

(3) 220 Camp Street, Providence, RI (Compl. ¶¶ 18; 90);

(4) 176 Clews Street, Pawtucket, RI 02861 (Compl. ¶¶ 20; 107);

(5) 229 Waterman Avenue, North Providence, RI (Compl. ¶¶ 22; 123);

(6) 177 Mauran Ave, East Providence, RI 02914 (Compl. ¶¶ 24; 139);

(7) 6 Lavoie Court, North Providence, RI 02893 (Compl. ¶¶ 26; 155);

(8) 108 West Shore Road, Exeter, RI 02822 (Compl. ¶¶ 28; 171);

(9) 39 Curson Street, North Providence, RI 02893 (Compl. ¶¶ 30; 187);

(10) 12 Gladstone Street, Smithfield, RI 02917 (Compl. ¶¶ 32; 203);

(11) 708 Atwells Avenue, Providence, RI 02909 (Compl. ¶¶ 34; 219);

(12) 158 Fourth Street, Providence, RI 02906 (Compl. ¶¶ 36; 235);

4

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2025 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 14 of 120 PageID #: 133

(13)    25 Clayton Street, Middletown, RI 02842 (Compl. ¶¶ 38; 251).

g.    The Complaint alleges that each of the aforementioned properties were subject to 13 mortgages that in aggregate far exceed the $75,000.00 jurisdictional threshold. Compl. ¶ 45 ($135,000.00); ¶ 62 ($292,000.00); ¶ 79 ($382,00.00); ¶ 95 ($220,000.00); ¶ 112 ($270,900.00); ¶ 128 ($188,100.00); ¶ 144 ($139,600.00); ¶ 160 ($348,500.00); ¶ 176 ($155,400.00); ¶ 192 ($225,000.00); ¶ 208 (mortgage amount not stated); ¶ 224 ($276,800.00); ¶ 240 (mortgage amount not stated).

h.    The most recent property record available from the tax assessors for the cities and towns in which each of the 13 aforementioned properties are attached hereto as **Exhibit B**.  Each of the 13 properties are valued in excess of $75,000.00.

i.    Accordingly, the amount in controversy exceeds $75,000.00 in that the Plaintiffs, as owners of the 13 aforementioned properties, seek to declare the foreclosures of those properties void and seek damages for each of the allegedly invalid foreclosures.


**3.**    **Proper Venue**.  This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff elected to initially file the action in federal court.  This Court is the United States District Court for the district and division embracing the place where the state court action is pending and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

**4.**    **Timeliness of Removal Petition.**  Plaintiff filed the Complaint on or about December 3, 2021 and served Nationstar and U.S. Bank as Trustee on December 14, 2021. Removal of this action is therefore timely under 28 U.S.C. § 1446(b) as the Notice of Removal has been filed within thirty (30) days of Defendants' receipt of the Complaint.

5

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 15 of 120 PageID #: 134

5.  **Consent.**  All Defendants consent to this removal.

6.  **Compliance.**  Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Rhode Island for Providence County, where this action is pending and will serve such notice on Plaintiff in compliance with 28 U.S.C. §1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' *Local Rule* 81.1(a) submission.

6.  **Relief Requested.**  Defendants respectfully request that the United States District Court for the District of Rhode Island accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

6

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

DEFENDANTS,

NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE

By their Attorneys,


*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

January 13, 2022

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of January, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Cranston, RI 02910
toddsdion@msn.com


*/s/ Krystle G. Tadesse, Esq.*

7

102617637v.2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

STATE OF RHODE ISLAND          SUPERIOR COURT
PROVIDENCE, SC.

GAIL E. SAWYER, ET AL               :
                                        :
             Plaintiffs,           :
                                          :
        v.                        :        C. A. No. PC-2021-07330
                                          :
NATIONSTAR MORTGAGE, LLC D/B/A   :
MR. COOPER, ET AL                    :
                                          :
             Defendants.         :

<u>**NOTICE TO STATE COURT OF REMOVAL**</u>

Pursuant to 28 U.S.C. § 1446(d), defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and U.S. Bank National Association as Trustee ("Defendants") give notice to the Superior Court of Rhode Island that Defendants' Notice of Removal was filed with the United States District Court for the District of Rhode Island on January 13, 2022. A copy of Defendants' Notice of Removal is attached hereto as **Exhibit A**.

                                        DEFENDANTS,

                                        NATIONSTAR MORTGAGE, LLC D/B/A MR.
                                        COOPER AND U.S. BANK NATIONAL
                                        ASSOCIATION AS TRUSTEE

                                        By their Attorneys,

                                        */s/ Krystle G. Tadesse, Esq.*
                                        Joseph A. Farside, Jr. (#7559)
                                        Krystle G. Tadesse (#7944)
                                        Jeffrey C. Ankrom (#7663)
                                        LOCKE LORD LLP
                                        2800 Financial Plaza
                                        Providence, RI 02903
                                        (401)-274-9200
                                        (401) 276-6611 (Fax)
                                        joseph.farside@lockelord.com
                                        krystle.tadesse@lockelord.com
                                        jeffrey.ankrom@lockelord.com

January 13, 2022

102617633v.1

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of January, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Cranston, RI  02910
toddsdion@msn.com

*/s/ Krystle G. Tadesse, Esq.*

2

102617633v.1

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

# EXHIBIT A

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 2:42 PM
Envelope: 3496285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 20 of 120 PageID #:
139

**STATE OF RHODE ISLAND**                                    **SUPERIOR COURT**
**PROVIDENCE, SC**

_____
                                                    )
GAIL E. SAWYER & MARC L. SAWYER;           )
VERONICA DELPRETE & PHILIP DELPRETE;       )
ELIZABETH HECTOR; JACQUELINE HARDROW;      )     CA. NO.
KATHERINE F. SAVASTANO & JOHN SAVASTANO;   )
ROSA BENROS; RONALD BRETON;                )     CLASS ACTION
CATHY FULFORD; JOHN RAY III; CRAIG T. LYNCH &)
LINDA A. LYNCH; RUSSELL L. BLAIS; EMMANUEL )     COMPLAINT
JEAN CHARLES AND JENNIFER J. SULLIVAN      )
ON BEHALF OF THEMSELVES AND ALL OTHERS     )     JURY DEMANDED
SO SIMILARLY SITUATED                      )
                                                    )
           _PLAINTIFFS_                       )
                                                    )
                                                    )
      vs.                                    )
                                                    )
NATIONSTAR MORTGAGE, LLC (NKA MR COOPER);)
                                                    )
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE )
FOR BANC OF AMERICA FUNDING 2009-FT1 TRUST,)
MORTGAGE PASS-THROUGH CERTIFICATES,        )
SERIES 2009-FT1;                           )
                                                    )
                                                    )
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE  )
FOR HARBORVIEW 2005-2 TRUST FUND;          )
                                                    )
                                                    )
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,)
SUCCESSOR IN INTEREST TO BANK OF AMERICA,  )
NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR)
BY MERGER TO LASALLE BANK, NATIONAL        )
ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN )
MORTGAGE LOAN TRUST 2007-5, MORTGAGE PASS)
-THROUGH CERTIFICATES SERIES 2007-5;       )
                                                    )
                                                    )
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE )
FOR SPECIALTY UNDERWRITING AND RESIDENTIAL)
FINANCE TRUST MORTGAGE LOAN ASSET-BACKED)
CERTIFICATES, SERIES 2006-BC5;             )
                                                    )
                                                    )

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, )
SUCCESSOR IN INTEREST TO BANK OF AMERICA, )
NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR)
BY MERGER TO LASALLE BANK NATIONAL        )
ASSOCIATION, AS TRUSTEE FOR MERRIL LYNCH  )
FIRST FRANKLIN MORTGAGE LOAN TRUST 2007-1 )
MORTGAGE PASS-THROUGH CERTIFICATES,2007-1;)
                                           )
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, )
FOR NRZ PASS-THROUGH TRUST V;              )
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE  )
FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE)
LOAN TRUST, MORTGAGE LOAN ASSET-BACKED   )
CERTIFICATES, SERIES 2007-3;              )
                                           )
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,)
SUCCESSOR IN INTEREST TO BANK OF AMERICA,  )
NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR)
BY MERGER TO LASALLE BANK NATIONAL        )
ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH )
FIRST FRANKLIN MORTGAGE LOAN TRUST 2007-1, )
MORTGAGE PASS-THROUGH CERTIFICATES,       )
SERIES 2007-1;                             )
                                           )
U.S. BANK, NATIONAL ASSOCIATION, AS        )
SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A.,)
AS SUCCESSOR TRUSTEE TO LASALLE BANK, N.A.,)
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF   )
THE MLMI TRUST, MORTGAGE LOAN ASSET-       )
BACKED CERTIFICATES, SERIES 2007-HE3;      )
                                           )
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,)
SUCCESSOR IN INTEREST TO BANK OF AMERICA,  )
NATIONAL ASSOCIATION.AS TRUSTEE, SUCCESSOR)
BY MERGER TO LASALLE BANK NATIONAL        )
ASSOCIATION. AS TRUSTEE FOR MERRILL LYNCH )
MORTGAGE INVESTORS TRUST, MORTGAGE LOAN)
ASSET-BACKED CERTIFICATES, SERIES 2006-MLN1;)
                                           )
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE )
SUCCESSOR IN INTEREST TO WACHOVIA BANK,    )
N.A., AS TRUSTEE FOR THE STRUCTURED        )
ADJUSTABLE RATE MORTGAGE LOAN TRUST,       )
MORTGAGE PASS-THROUGH CERTIFICATES,        )
SERIES 2005-9;                             )
                                           )

2

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:22 PM
Envelope: 3398285
Reviewer: Vanda H

Case 1:23-cv-00030-MSM-PAS Document 3 Filed 01/14/22 Page 22 of 120 PageID #:
141

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE )
FOR THE CERTIFICATEHOLDERS OF BANC OF )
AMERICA FUNDING CORPORATION 2009-FT1 TRUST,)
MORTGAGE PASS-THROUGH CERTIFICATES, )
SERIES FT1 )
)
*DEFENDANTS.* )
)
_____ )

## INTRODUCTION

1.      The Representative Plaintiffs, Gail E. Sawyer, Marc L. Sawyer, Veronica Delprete, Philip

Delprete, Elizabeth Hector, Jacqueline Hardrow, Katherine F. Savastano, John Savastano, Rosa

Benros, Ronald Breton, Cathy Fulford, John Ray, III, Craig T. Lynch, Linda A. Lynch, Russell L.

Blais, Emmanuel Jean Charles and Jennifer J. Sullivan, on behalf of themselves and all others so

similarly situated, bring this class action as described in the paragraphs set forth herein. The

Representative Plaintiffs seek damages and declaratory judgments that foreclosures and

mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void due to

Defendants breaches of contract and breaches of condition precedents to the Statutory Power of

Sale for failing to foreclose in a manner prescribed by "applicable law" by foreclosing and

conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage

contracts required that the Defendant first obtain a third-party servicing license with the State of

Rhode Island Department of Business Regulation prior to foreclosing on the Representative

Plaintiffs' properties.  Representative Plaintiffs further seek damages for the untimely loss of their

property that was caused by the Defendant's failure to comply with applicable law.  See Andrade

v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037

WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.      The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are

in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative

Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the untimely loss of property due to the Defendants' misconduct.

## JURISDICTION AND VENUE

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/13/2021 3:21 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00030-MSM-PAS Document 3 Filed 01/14/22 Page 24 of 120 PageID #: 143

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## **PARTIES**

13.     Representative Plaintiffs, Gail E. Sawyer and Marc L. Sawyer, claim to be the rightful owners of 3 New Court, Pawtucket, RI 02860 which is one of the "subject properties" referenced herein.  They are located at 89 Merrill Ct. Woonsocket, RI 02895.

14.     Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261.  Nationstar failed to obtain a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant U.S. Bank in order to notice, publish and invoke the Statutory Power of Sale on the properties of Class Plaintiffs.  Nationstar further was not permitted by applicable law and the mortgage contracts to execute all affidavits and foreclosure deeds of behalf of U.S. Bank.

15.     Defendant, U.S. Bank National Association, as Trustee for Banc of America Funding 2009-FT1 Trust, Mortgage Pass-Through Certificates, Series 2009-FT1 (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Sawyer Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

5

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:21 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:21-cv-00020-MSM-PAS   Document 3   Filed 01/14/22   Page 25 of 120 PageID #: 144

16.      Representative Plaintiffs, Veronica Delprete and Philip Delprete, claim to be the rightful owners of 131-133 Ledge Street, Providence, RI 02908 which is one of the "subject properties" referenced herein.  They are located at 99 Buffalo Street, Staten Island, NY 10306.

17.      Defendant, U.S. Bank National Association, as Trustee for Harborview 2005-2 Trust Fund ("U.S. Bank") claimed to hold the Plaintiffs' Delprete Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati OH 45202

18.      Representative Plaintiff, Elizabeth Hector, claims to be the rightful owner of 220 Camp Street, Providence, RI which is one of the "subject properties" referenced herein.  She is located at 15 Taft Avenue, North Providence, RI 02904.

19.      Defendant, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association as Trustee for First Franklin Mortgage Loan Trust 2007-5, Mortgage Pass-Through Certificates Series 2007-5 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Hector's Mortgage and Note at the time of the invalid foreclosure sale. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

20.      Representative Plaintiff, Jacqueline Hardrow, is a citizen of Rhode Island and is the owner of 176 Clews Street, Pawtucket, RI 02861, which is the subject property as noted herein. Representative Plaintiff Hardrow is located at 260 Lonsdale Ave. 3rd FL, Pawtucket, RI 02860.

21.      Defendant, U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC5 ("U.S. Bank"), is a securitized trust and mortgagee of the Hardrow Plaintiff's property that invalidly foreclosed on the Plaintiff's property via Nationstar as servicer.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

6

22.     Representative Plaintiffs, Katherine F. Savastano and John Savastano, claim to be the rightful owners of 229 Waterman Avenue, North Providence, RI which is one of the "subject properties" referenced herein.  They are located at 47 Villa Avenue, North Providence, RI 02911.

23.     Defendant, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 Mortgage Pass-Through Certificates, Series 2007-1 (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Savastano Plaintiffs' Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

24.     Representative Plaintiff, Rosa Benros, claims to be the rightful owner of 177 Mauran Avenue, East Providence, RI 02914 which is one of the "subject properties" referenced herein.  She is located at 24 Franklin St. #3, Riverside, RI 02915.

25.     Defendant, U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust V (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Benros Plaintiff' Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

26.     Representative Plaintiff, Ronald Breton, claims to be the rightful owner of 6 Lavoie Court, North Providence, RI 02893 which is one of the "subject properties" referenced herein.  He is located at 45 Grace Ave., Warwick, RI 02889.

27.     Defendant, U.S. Bank National Association, as Trustee For Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Breton Plaintiff's Mortgage

7

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:21 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:21-cv-00206-MSM-PAS   Document 3   Filed 01/14/22   Page 27 of 120 PageID #: 146

and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

28.     Representative Plaintiff, Cathy Fulford, claims to be the rightful owner of 108 West Shore Road, Exeter, RI 02822 which is one of the "subject properties" referenced herein.  She is located at 200 Clarke Rd. Unit A-308, Narragansett, RI 02882.

29.     Defendant, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Fulford Plaintiff's Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

30.     Representative Plaintiff, John Ray III, claims to be the rightful owner of 39 Curson Street, North Providence, RI 02893 which is one of the "subject properties" referenced herein.  He is located at 6 Grove Street, North Providence, RI 02911.

31.     Defendant, U.S. Bank National Association, as Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE3 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Ray Plaintiff's Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

32.     Representative Plaintiffs, Craig T. Lynch and Linda A. Lynch, claim to be the rightful owners of 12 Gladstone Street, Smithfield, RI 02917 which is one of the "subject properties" referenced herein.  They are located at 249 Elmdale Road, Scituate, RI 02857.

8

33.      Defendant, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLN1 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Lynch Plaintiffs's Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

34.      Representative Plaintiff, Russell L. Blais, claims to be the rightful owner of 708 Atwells Avenue, Providence, RI 02909 which is one of the "subject properties" referenced herein.  He is located in Providence, RI.

35.      Defendant, U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for the Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-9 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Blais Plaintiff' Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

36.      Representative Plaintiff, Emmanuel Jean Charles, claims to be the rightful owner of 158 Fourth Street, Providence, RI 02906 which is one of the "subject properties" referenced herein. He is located at 2912 Karpathos Ct., Apex, NC 27502.

37.      Defendant, U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for the Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-9 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Charles Plaintiff' Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

9

38.     Representative Plaintiff, Jennifer J. Sullivan, claims to be the rightful owner of 25 Clayton Street, Middletown, RI 02842 which is one of the "subject properties" referenced herein. She is located at 94 Kickemuit Ave. Bristol, RI 02809.

39.     Defendant, U.S. Bank National Association, as Trustee for the Certificateholders of Banc of America Funding Corporation 2009-FT1 Trust, Mortgage Pass-Through Certificates, Series FT1 ("U.S. Bank"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Sullivan's Mortgage and Note at the time of the invalid foreclosure sale.  U.S. Bank is located at 425 Walnut Street, Cincinnati, Ohio 45202.

40.     At all times herein mentioned, Defendants, Nationstar and U.S. Bank both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

41.     Defendants, Nationstar and U.S. Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## ALLEGATIONS OF THE REPRESENTATIVE SAWYER PLAINTIFFS

42.     The Sawyer Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

43.     Representative Plaintiffs, Gail E. Sawyer and Marc L. Sawyer, claim to be the rightful owners of 3 New Court, Pawtucket, RI 02860 which is the "subject property" referenced herein.

44.     On or before February 26, 2004, Sawyer Plaintiffs were conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Pawtucket  Land Evidence Records.

10

45.     On February 26, 2004, Sawyer Plaintiffs executed a promissory note and mortgage deed in the sum of One Hundred Thirty-Five Thousand Dollars ($135,000.00) in favor of Fleet Bank, as lender and mortgagee. ("Sawyer Mortgage/Note"). The Sawyer Mortgage was recorded in the City of Pawtucket  Land Evidence Records in Book 2047 at page 57 on April 5, 2004.

46.     The Sawyer Mortgage states at Paragraph 15 as follows:

> 15. Acceleration; Remedies. On default, Lender may declare all sums secured by this Mortgage immediately due and payable, and Lender may invoke any of the remedies *permitted under applicable law*, including the STATUTORY POWER OF SALE, if any, Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 15, including, but not limited to, reasonable attorneys' fees to the extent permitted by law. . . . If Lender invokes a STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. . ."

47.     On October 12, 2016, Nationstar as POA purportedly assigned the subject mortgage to U.S. Bank.  Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket  Land Evidence Records in Book 4006 Page 342 on October 12, 2016.

48.     Nationstar became the servicer of the Sawyer Mortgage prior to 2015 and remained the servicer without first obtaining a servicing license with the State of Rhode Island.

49.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

50.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

51. On or about November 4, 2016, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Sawyer Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of December 28, 2016. Nationstar also caused to published said notice on December 6, 2016, December 13, 2016 and December 20, 2016.

52. The Sawyer Plaintiffs allege that from July 1, 2015 through August 29, 2017, including on November 4, 2016 through March 7, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

53. The Sawyer Plaintiff alleges, that on December 28, 2016, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Sawyer Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

54. The Sawyer Plaintiffs allege, that on February 14, 2017, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on March 7, 2017 in the City of Pawtucket Land Evidence Records in Book 4061 at Page 170. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law""

12

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H
Case 1:20-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 32 of 120 PageID #: 151

provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

55. The Sawyer Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 15 of the Sawyer Mortgage, which requires that [the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted under "applicable law"…" (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Sawyer Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

56. As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Sawyer Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

57. As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 15 of the Sawyer Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

13

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:42 PM
Envelope: 3398285
Reviewer: Victoria H
Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 33 of 120 PageID #: 152

58.     The Sawyer Plaintiffs and members of the class are entitled to damages for the untimely

loss of their property that was caused by the Defendant's failure to comply with applicable law.

See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,

20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**ALLEGATIONS OF THE REPRESENTATIVE DELPRETE PLAINTIFFS**

59.     The Delprete Plaintiffs repeat and re-allege every allegation above as if set forth herein in

full.

60.     Plaintiffs, Veronica Delprete and Philip Delprete., claim to be the rightful owners of 131-

133 Ledge Street, Providence, RI 02908 which is the "subject property" referenced herein.

61.     On March 18, 2005, the Delprete Plaintiffs were conveyed the subject property. The Deed

granting the property to the Delprete Plaintiffs was recorded in the City of Providence Land

Evidence Records in Book 7161, at Page 254 on March 21, 2005.

62.     On March 18, 2005, the Delprete Plaintiffs executed a promissory note and mortgage deed

in the sum of Two Hundred Ninety-Two Thousand Dollars ($292,000.00) in favor of Allied Home

Mtg Capital Corp. as lender and Mortgage Electronic Registration Systems ("MERS") as

mortgagee. ("Delprete Mortgage/Note"). The Delprete Mortgage was recorded in the City of

Providence Land Evidence Records in Book 7161, at page 256 on March 21, 2005.

63.     The Delprete Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 8:22 PM
Envelope: 3899285
Reviewer: Jadanah H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 03/14/22 Page 34 of 120 PageID #: 153

not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

64.    On April 27, 2016, Nationstar as POA purportedly assigned the subject mortgage to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 11396 Page 248 on May 19, 2016.

65.    Nationstar became the servicer of the Delprete Mortgage prior to 2015 without first obtaining a servicing license with the State of Rhode Island.

66.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

67.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a

misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

68.     On or about June 2, 2016, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Delprete Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 25, 2016. Nationstar also caused to published said notice on July 4, 2016, July 11, 2016 and July 18, 2016.

69.     The Delprete Plaintiffs allege that from July 1, 2015 through August 29, 2017, including on June 2, 2016 through August 29, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

70.     The Delprete Plaintiffs allege, that on July 25, 2016, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Delprete Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

71.     The Delprete Plaintiffs allege, that on August 3, 2016 Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on August 29, 2016 in the City of Providence Land Evidence Records in Book 11491 at Page 84. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/31/2021 3:42 PM
Envelope: 3440285
Reviewer: Victoria H.

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 36 of 120 PageID #: 155

without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

72.     The Delprete Plaintiffs also allege, that the foreclosure and sale are in breach of paragraph 22 of the Delprete Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Delprete Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

73.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S.  Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Delprete Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

74.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Delprete Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

17

75.     The Delprete Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### **ALLEGATIONS OF THE HECTOR REPRESENTATIVE PLAINTIFF**

76.     The Hector Represntative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

77.     Plaintiff, Elizabeth Hector, claims to be the rightful owner of 220 Camp Street, Providence, RI which is the "subject property" referenced herein.

78.     Plaintiff Hector was conveyed the subject property. The Deed granting the property to Plaintiff Hector was recorded in the City of Providence Land Evidence Records in 2012.

79.     On May 18, 2007, the Plaintiff executed a mortgage and note both in the amount of Three Hundred Eighty-Two Thousand Dollars ($382,000.00), to First Franklin Financial Corp. as Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as Mortgagee. Said mortgage was secured against the subject property and recorded in the City of Providence Land Evidence Records in Book 8687 at Page 33 on May 23, 2007. ("The Hector Mortgage").

80.     The Hector Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument

18

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 3:42 PM
Envelope: 3896285
Reviewer: Victoria H

Case 1:23-cv-00020-MSM-PAS   Document 3   Filed 01/14/23   Page 38 of 120 PageID #: 157

without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

81.     On November 3, 2015, the Hector Mortgage was purportedly assigned to US Bank. Said assignment was recorded in the City of Providence Land Evidence Records in Book 11258 at Page 94 on November 13, 2015.

82.     Nationstar became the servicer of the Hector Mortgage prior to 2015 without first obtaining a servicing license with the State of Rhode Island.

83.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

84.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each

19

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3490285
Reviewer: Victoria H

1:21-cv-00026-MSM-PAS   Document 3   Filed 01/14/22   Page 39 of 120 PageID #: 158

violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

85.     On or about April 17, 2017, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Plaintiff Hector a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 13, 2017. Nationstar also caused to published said notice on May 17, 2017, May 24, 2017 and May 31, 2017.

86.     The Plaintiff Hector alleges that from July 1, 2015 through August 29, 2017, including on April 17, 2017 through July 11, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

87.     On June 13, 2017, US Bank and Nationstar, while still not having *first obtained* a third-party servicing license conducted a foreclosure auction on the Hector Plaintiff's Property.

88.     On July 11, 2017, US Bank and Nationstar, while still not having *first obtained* a third-party servicing license, caused a foreclosure deed dated June 27, 2017 and executed by Nationstar to be recorded in the City of Providence Land Evidence Records in Book 11768 at Page 185.  The Foreclosure Deed purported to grant the Plaintiff Hector's Property to Defendant US Bank.  Such actions are in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

89.     The Plaintiff Hector also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Hector Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:22 PM
Envelope: 3396285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 40 of 120 PageID #: 159

and the property secured by the Hector Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Hector Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

90.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Hector Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

91.     The Hector Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### **ALLEGATIONS OF THE HARDROW REPRESENTATIVE PLAINTIFF**

92.     The Representative Plaintiff Hardrow repeats and re-alleges every allegation above as if set forth herein in full.

93.     Plaintiff, Jacqueline Hardrow, claims to be the rightful owner of 176 Clews Street, Pawtucket, RI 02861 which is the "subject property" referenced herein.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 3:22 PM
Envelope: 3449285
Reviewer: Jadana H.

Case 1:22-cv-00020-WSM-PAS Document 3 Filed 01/14/22 Page 41 of 120 PageID #: 160

94. On July 26, 1974, Plaintiff Hardrow was conveyed the subject property. The Deed granting the property to Plaintiff Hardrow was recorded in the City of Pawtucket Land Evidence Records in Book 698, at page 2646 on July 28, 1974.

95. On August 15, 2006, Plaintiff Hardrow executed a promissory note and mortgage deed in the sum of Two Hundred and Twenty Thousand Dollars ($220,000.00) in favor of Wilmington Finance, as lender and MERS mortgagee. ("Hardrow Mortgage/Note"). The Hardrow Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book 2709, at page 150 on August 21, 2006.

96. The Hardrow Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS   Document 3   Filed 01/14/22   Page 42 of 120 PageID #: 161

97.     The Hardrow Mortgage was purportedly assigned to Defendant, U.S. Bank on January 17, 2017. Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book 4052 at Page 1 on February 3, 2017.

98.     Nationstar became the servicer of the Hardrow Mortgage on or about 2012 and continued to service the mortgage without first obtaining a servicing license with the State of Rhode Island.

99.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

100.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

101.    On or about February 27, 2017, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Plaintiff Hardrow a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of April 17, 2017. Nationstar also caused to published said notice on March 27, 2017, April 3, 2017 and April 10, 2017.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS Document 13 Filed 01/14/22 Page 43 of 120 PageID #: 162

102.    The Plaintiffs Hardrow allege that from July 1, 2015 through August 29, 2017, including on February 27, 2017 through May 22, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

103.    The Plaintiff Hardrow alleges, that on April 17, 2017, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Hardrow Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

104.    The Plaintiff Hardrow alleges, that on April 28, 2017, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on Mat 22, 2017 in the City of Pawtucket Land Evidence Records in Book 4090 at Page 253. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

105.    The Plaintiff Hardrow alleges, that the foreclosure and sale are in breach of paragraph 21 of the Hardrow Mortgage, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken

24

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS   Document 8   Filed 01/14/22   Page 44 of 120 PageID #: 163

by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Hardrow Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

106.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S.  Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Hardrow Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

107.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Hardrow Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

108.    The Hardrow Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

25

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

## ALLEGATIONS OF THE SAVASTANO REPRESENTATIVE PLAINTIFFS

109.    The Savastano Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

110.    Plaintiffs, Katherine F. Savastano and John Savastano, claim to be the rightful owners of 229 Waterman Avenue, North Providence, RI which is the "subject property" referenced herein.

111.    On July 26, 1996, the Savastano Plaintiffs were conveyed the subject property. The Deed granting the property to the Savastano Plaintiffs was recorded in the Town of North Providence Land Evidence Records in Book 301 at Page 420 on July 26, 1996.

112.    On January 10, 2007, the Savastano Plaintiffs executed a promissory note and mortgage deed in the sum of Two Hundred Seventy Thousand, Nine Hundred Dollars ($270,900.00) in favor of Nationpoint., as lender and MERS as mortgagee. ("Savastano Mortgage/Note"). The Savastano Mortgage was recorded in the Town of North Providence Land Evidence Records in Book 2374 at page 276 on February 8, 2007.

113.    The Savastano Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

26

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 8:42 PM
Envelope: 3899285
Reviewer: Vanessa H
Case 1:20-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 46 of 120 PageID #: 165

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

114.    On March 22, 2017, the Savastano Mortgage was assigned to U.S. Bank. Said purported

"Assignment of Mortgage" was recorded in the Town of North Providence Land Evidence Records

in Book 3147 Page 238 on April 4, 2017.

115.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
borrower without first obtaining a license under this chapter from the director or
the director's designee.

116.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of
any person who violate or participate in the violation of any of the applicable
provisions of this title, or any regulation promulgated under this title, is guilty of a
misdemeanor and upon conviction shall be punished by a fine of not more than one
thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
violation constitutes a separate offense. Complaints under the provisions of this
chapter may be made by the director, or the director's designee, and shall not be
required to give surety for costs. The attorney general shall prosecute all complaints
under this chapter.

117.    On or about June 10, 2017, Nationstar, acting as third-party servicer on behalf of U.S.

Bank, caused to be sent to the Savastano Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 3:22 PM
Envelope: 3400285
Reviewer: Victoria H
Case 1:22-cv-00020-MSM-PAS   Document 1-8   Filed 01/14/22   Page 47 of 120 PageID #: 166

Notice of Mortgagee Foreclosure Sale stated a sale date of August 2, 2017. Nationstar also caused to published said notice on July 11, 2017, July 18, 2017 and July 25, 2017.

118. The Savastano Plaintiffs allege that from July 1, 2015 through August 29, 2017, including on June 10, 2017 through August 22, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

119. The Savastano Plaintiffs allege, that on August 2, 2017, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Savastano Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

120. The Savastano Plaintiffs allege, that on August 9, 2017, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on August 22, 2017 in the Town of North Providence Land Evidence Records in Book 2446 at Page 199. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

121. The Savastano Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Savastano Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:20-cv-00020-WES-PAS    Document 8    Filed 01/14/22    Page 48 of 120 PageID #: 167

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""
and the property secured by the Savastano Mortgage can only be sold in a manner prescribed by
and subject to ""applicable law"".

122.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are
in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General
pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs
to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable
law"", thus breaching the Savastano Mortgage and for failing to first comply with the terms of the
mortgage prior to exercising the power of sale.

123.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph
22 of the Savastano Mortgage contract due to Defendants' failure to foreclose and sell in the
manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are
void, invalid, and without force or effect, for Defendants' failure to comply with conditions
precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing
Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)).
(See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

124.    The Savastano Plaintiffs and members of the class are entitled to damages for the untimely
loss of their property that was caused by the Defendant's failure to comply with applicable law.
See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,
20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE BENROS REPRESENTATIVE PLAINTIFF

125.    The Benros Plaintiff repeats and re-alleges every allegation above as if set forth herein in
full.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 5:42 PM
Envelope: 3906285
Reviewer: Victoria H

Case No. 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 49 of 120 PageID #: 168

126.    Plaintiff, Rosa Benros, claims to be the rightful owner of 177 Mauran Avenue, East Providence, RI 02914 which is the "subject property" referenced herein.

127.    On October 7, 2002, Benros Plaintiff was conveyed the subject property. The Deed granting the property to Benros Plaintiff was recorded in the City of East Providence Land Evidence Records in Book 1834 at Page 126 on October 8, 2002.

128.    On July 22, 2005, the Benros Plaintiff executed a promissory note and mortgage deed in the sum of One Hundred Eighty-Eight Thousand, One Hundred Dollars ($188,100.00) in favor of First Horizon Home Loan Corporation., as lender and MERS as mortgagee. ("Benros Mortgage/Note"). The Benros Mortgage was recorded in the City of East Providence Land Evidence Records in Book 2508 at page 9 on July 27, 2005.

129.    The Benros Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

30

this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

130.    On November 28, 2016, the Benros Mortgage was assigned to U.S. Bank. Said purported
"Assignment of Mortgage" was recorded in the City of East Providence Land Evidence Records
in Book 3848 Page 57 on November 28, 2016.

131.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-
party residential mortgage servicers be licensed by the Rhode Island Department of Business
Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

132.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and
states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

133.    On or about May 5, 2017, Nationstar, acting as third-party servicer on behalf of U.S. Bank,
caused to be sent to the Benros Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of
Mortgagee Foreclosure Sale stated a sale date of June 28, 2017. Nationstar also caused to
published said notice on June 6, 2017, June 13, 2016 and June 20, 2017.

31

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 03/01/14/22 Page 51 of 120 PageID #: 170

134.     The Benros Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on May 5, 2017 through July 25, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

135.     The Benros Plaintiff alleges, that on June 28, 2017, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Benros Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

136.     The Benros Plaintiff alleges, that on August 9, 2017, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on July 25, 2017 in the City of East Providence Land Evidence Records in Book 3926 at Page 198. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

137.     The Benros Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Benros Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H.
Case 1:20-cv-00620-MSM-PAS Document 8 Filed 01/14/22 Page 52 of 120 PageID #: 171

and the property secured by the Benros Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

138.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Benros Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

139.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Benros Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

140.    The Benros Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### **ALLEGATIONS OF THE BRETON REPRESENTATIVE PLAINTIFF**

141.    The Breton Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H

Case 1:24-cv-00020-MSM-PAS Document 8 Filed 03/01/22 Page 53 of 120 PageID #: 172

142.     Representative Plaintiff, Ronald Breton, claims to be the rightful owner of 6 Lavoie Court, West Warwick, RI 02893 which is the "subject property" referenced herein.

143.     On March 30, 2007, the Breton Plaintiff was conveyed the subject property. The Deed granting the property to the Breton Plaintiff was recorded in the Town of West Warwick Land Evidence Records in Book 1848 at Page 243 on April 2, 2007.

144.     On March 30, 2007, the Breton Plaintiff executed a promissory note and mortgage deed in the sum of One Hundred Thirty-Nine Thousand, Six Hundred Dollars ($139,600.00) in favor of First Franklin Financial Corp., as lender and MERS as mortgagee. ("Breton Mortgage/Note"). The Breton Mortgage was recorded in the Town of West Warwick Land Evidence Records in Book 1848 at page 246 on April 2, 2007.

145.     The Breton Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

34

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 54 of 120 PageID #: 173

this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

146.     On September 23, 2010, the Breton Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the Town of West Warwick Land Evidence Records in Book 2076 Page 50 on September 23, 2010.

147.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

148.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

149.     On or about August 28, 2015, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Breton Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 21, 2015. Nationstar also caused to published said notice on September 29, 2015, October 6, 2017 and October 13, 2015.

35

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 3:42 PM
Envelope: 3406285
Reviewer: Victoria H

Case 1:22-cv-00020-WES-PAS Document 3 Filed 01/14/22 Page 55 of 120 PageID #: 174

150.    The Breton Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on August 28, 2015 through December 18, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

151.    The Breton Plaintiff alleges, that on October 21, 2015, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Breton Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

152.    The Breton Plaintiff alleges, that on November 27, 2015, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on December 18, 2015 in the Town of West Warwick Land Evidence Records in Book 2398 at Page 68. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

153.    The Breton Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Breton Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:32 PM
Envelope: 3398285
Reviewer: Victoria H.

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 56 of 120 PageID #: 175

and the property secured by the Breton Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

154.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Breton Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

155.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Breton Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

156.    The Breton Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE FULFORD REPRESENTATIVE PLAINTIFF

157.    The Fulford Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:22 PM
Envelope: 3399285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 57 of 120 PageID #: 176

158. Plaintiff, Cathy Fulford, claims to be the rightful owner of 108 West Shore Road, Exeter, MA 02822 which is the "subject property" referenced herein.

159. On October 4, 2005, the Fulford Plaintiff was conveyed the subject property. The Deed granting the property to the Fulford Plaintiff was recorded in the Town of Exeter Land Evidence Records in Book 277 at Page 153 on October 4, 2005.

160. On February 14, 2007, the Fulford Plaintiff executed a promissory note and mortgage deed in the sum of Three Hundred Fourty-Eight Thousand, Five Hundred Dollars ($348,500.00) in favor of First Franklin Financial Corp., as lender and MERS as mortgagee. ("Fulford Mortgage/Note"). The Fulford Mortgage was recorded in the Town of Exeter Land Evidence Records in Book 311 at page 52 on February 20, 2007.

161. The Fulford Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

38

this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

162.    On May 2, 2017, the Fulford Mortgage was assigned to U.S.  Bank.   Said purported
"Assignment of Mortgage" was recorded in the Town of Exeter Land Evidence Records in Book
502 Page 179 on May 2, 2017.

163.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-
party residential mortgage servicers be licensed by the Rhode Island Department of Business
Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

164.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and
states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

165.    On or about May 12, 2017, Nationstar, acting as third-party servicer on behalf of U.S.
Bank, caused to be sent to the Fulford Plaintiff a Notice of Mortgagee Foreclosure Sale. Said
Notice of Mortgagee Foreclosure Sale stated a sale date of July 6, 2017.  Nationstar also caused to
published said notice on June 14, 2017, June 21, 2017, June 28, 2017.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 8:22 PM
Envelope: 3490285
Reviewer: Victoria H.

Case 1:22-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 59 of 120 PageID #:
178

166. The Fulford Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on May 12, 2017 through July 28, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

167. The Fulford Plaintiff alleges, that on July 6, 2017, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Fulford Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

168. The Fulford Plaintiff alleges, that on July 20, 2017, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on July 28, 2017 in the Town of Exeter Land Evidence Records in Book 507 at Page 1. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

169. The Fulford Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Fulford Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

40

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS   Document 8   Filed 01/14/22   Page 60 of 120   PageID #: 179

and the property secured by the Fulford Mortgage can only be sold in a manner prescribed by and subject to "'"applicable law"'".

170.   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by "'"applicable law"'", thus breaching the Fulford Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

171.   As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Fulford Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to "'"applicable law"'". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

172.   The Fulford Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

<b><u>ALLEGATIONS OF THE RAY REPRESENTATIVE PLAINTIFF</u></b>

173.   The Ray Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

174.   Plaintiff, John Ray III, claims to be the rightful owner of 39 Curson Road, West Warwick, RI 02893 which is the "subject property" referenced herein.

175.    On August 29, 2001, the Ray Plaintiff was conveyed the subject property. The Deed granting the property to the Ray Plaintiff was recorded in the Town of West Warwick Land Evidence Records in Book 1010 at Page 109 on September 4, 2001.

176.    On December 18, 2006, the Ray Plaintiff executed a promissory note and mortgage deed in the sum of One Hundred Fifty-Five Thousand, Four Hundred Dollars ($155,400.00) in favor of Mortgage Lenders Network as lender and MERS as mortgagee. ("Ray Mortgage/Note"). The Ray Mortgage was recorded in the Town of West Warwick Land Evidence Records in Book 1821 at page 17 on December 26, 2006.

177.    The Ray Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

42

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:22 PM
Envelope: 3398285
Reviewer: Victoria H

178.    On August 31, 2011, the Ray Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the Town of West Warwick Land Evidence Records in Book 2125 Page 336 on August 31, 2011.

179.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

180.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

181.    On or about August 29, 2015, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Ray Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 21, 2015. Nationstar also caused to published said notice on September 30, 2015, October 7, 2015 and October 14, 2015.

182.    The Ray Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on August 29, 2015 through January 28, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

183. The Ray Plaintiff alleges, that on October 21, 2015, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Ray Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

184. The Ray Plaintiff alleges, that on November 30, 2015, Nationstar executed a Foreclosure Deed servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 28, 2016 in the Town of West Warwick Land Evidence Records in Book 2405 at Page 101. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

185. The Ray Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Ray Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Ray Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

186. As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General

44

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 5:37 PM
Envelope: 3890285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS Document 38 Filed 01/14/22 Page 64 of 120 PageID #: 183

pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Ray Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

187.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Ray Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

188.     The Ray Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**ALLEGATIONS OF THE LYNCH REPRESENTATIVE PLAINTIFFS**

189.     The Lynch Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

190.     Plaintiffs, Craig T. Lych and Linda A. Lynch, claim to be the rightful owners of 12 Gladstone Street, Smithfield, MA 02917 which is the "subject property" referenced herein.

191.     On February 27, 2003, the Lynch Plaintiffs were conveyed the subject property. The Deed granting the property to the Lynch Plaintiffs was recorded in the Town of Smithfield Land Evidence Records in Book 361 at Page 228 on February 28, 2003.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 8:42 PM
Envelope: 3399285
Reviewer: Jadann H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 65 of 120 PageID #:
184

192.    On June 14, 2006, the Lynch Plaintiffs executed a promissory note and mortgage deed in
the sum of Two Hundred Twenty-Five Thousand, Dollars ($225,000.00) in favor of Mortgage
Lenders Network, as lender and MERS as mortgagee. ("Lynch Mortgage/Note"). The Lynch
Mortgage was recorded in the Town of Smithfield Land Evidence Records in Book 498 at page
1143 on June 19, 2006.

193.    The Lynch Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

194.    On August 2, 2011, the Lynch Mortgage was purportedly assigned to U.S. Bank. Said
purported "Assignment of Mortgage" was recorded in the Town of Smithfield Land Evidence
Records in Book 805 Page 273 on August 12, 2011.

46

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3396285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS Document 13 Filed 03/01/22 Page 66 of 120 PageID #: 185

195.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

196.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

197.    On or about May 27, 2016, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Lynch Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 21, 2016.  Nationstar also caused to published said notice on June 29, 2016, July 6, 2016 and July 13, 2016.

198.    The Lynch Plaintiffs allege that from July 1, 2015 through August 29, 2017, including on May 27, 2016 through October 21, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

199.    The Lynch Plaintiffs allege, that on July 21, 2016, Nationstar, acting as third-party mortgage servicer for U.S.  Bank foreclosed the Lynch Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/13/2022 3:22 PM
Envelope: 3898285
Reviewer: Victoria H

Case 1:22-cv-00026-MSM-PAS    Document 8    Filed 01/14/22    Page 67 of 120 PageID #: 186

prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

200.    The Lynch Plaintiffs allege, that on August 15, 2016, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on October 21, 2016 in the Town of Smithfield Land Evidence Records in Book 1075 at Page 62. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

201.    The Lynch Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Lynch Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Lynch Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

202.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H
Case 1:23-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 68 of 120 PageID #: 187

law"", thus breaching the Lynch Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

203.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Lynch Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

204.    The Lynch Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## <u>ALLEGATIONS OF THE BLAIS REPRESENTATIVE PLAINTIFF</u>

205.    The Blais Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

206.    Plaintiff, Russell L. Blais, claims to be the rightful owner of 708 Atwells Avenue, Providence, RI 02909 which is the "subject property" referenced herein.

207.    On or before 2015, the Blais Plaintiff was conveyed the subject property. The Deed granting the property to the Blais Plaintiff was recorded in the City of Providence Land Evidence Records.

208.    On January 25, 2005, the Blais Plaintiff executed a promissory note and mortgage deed in favor of Countrywide as lender and MERS as mortgagee. ("Blais Mortgage/Note"). The Blais

49

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 8:22 PM
Envelope: 3908285
Reviewer: Vanda H

Case 1:23-cv-00020-WSM-PAS Document 3 Filed 01/14/22 Page 69 of 120 PageID #: 188

Mortgage was recorded in the City of Providence Land Evidence Records in Book 7061 at page 181 on January 26, 2005.

209.    The Blais Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

210.    On August 17, 2016, the Blais Mortgage was purportedly assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 11491 Page 94 on August 29, 2016.

211.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3396285
Reviewer: Victoria H

Case 1:20-cv-00020-WES-PAS   Document 3   Filed 01/14/22   Page 70 of 120 PageID #: 189

borrower without first obtaining a license under this chapter from the director or the director's designee.

212.   Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

213.   On or about October 7, 2006, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Blais Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 30, 2016.  Nationstar also caused to published said notice on November 9, 2016, November 16, 2016 nd November 23, 2016.

214.   The Blais Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on October 7, 2016 through January 6, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

215.   The Blais Plaintiff alleges, that on November 30, 2016, Nationstar, acting as third-party mortgage servicer for U.S.  Bank foreclosed the Blais Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

216.     The Blais Plaintiff alleges, that on December 16, 2016, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 6, 2017 in the City of Providence Land Evidence Records in Book 11611 at Page 35. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

217.     The Blais Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Blais Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Blais Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

218.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Blais Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

219.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Ray Mortgage contract due to Defendants' failure to foreclose and sell in the manner

52

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

220.    The Blais Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

<u>**ALLEGATIONS OF THE CHARLES REPRESENTATIVE PLAINTIFF**</u>

221.    The Charles Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

222.    Plaintiff, Emmanuel Jean Charles, claims to be the rightful owner of 158 Fourth Street, Providence, RI 02906 which is the "subject property" referenced herein.

223.    On February 8, 2005, the Charles Plaintiff was conveyed the subject property. The Deed granting the property to the Charles Plaintiff was recorded in the City of Providence Land Evidence Records in Book 7088 at Page 58 on February 8, 2005.

224.    On February 8, 2005, the Charles Plaintiff executed a promissory note and mortgage deed in the sum of Two Hundred Seventy-Six Thousand, Eight Hundred Dollars ($276,800.00) in favor of Countrywide as lender and MERS as mortgagee. ("Charles Mortgage/Note"). The Charles Mortgage was recorded in the City of Providence Land Evidence Records in Book 7088 at page 60 on February 8, 2005.

225.    The Charles Mortgage states at Paragraph 22 as follows:

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:22 PM
Envelope: 3399285
Reviewer: Jadienh H
Case 1:21-cv-00020-WES-PAS Document 18 Filed 01/14/22 Page 73 of 120 PageID #: 192

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

226. On August 10, 2016, the Charles Mortgage was purportedly assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 11473 Page 227 on August 10, 2016.

227. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

228. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

229.    On or about November 14, 2016, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Charles Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of January 17, 2017.  Nationstar also caused to published said notice on December 27, 2016, January 3, 2017 and January 10, 2017

230.    The Charles Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on November 14, 2016 through February 24, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

231.    The Charles Plaintiff alleges, that on January 17, 2017, Nationstar, acting as third-party mortgage servicer for U.S.  Bank foreclosed the Charles Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

232.    The Charles Plaintiff alleges, that on January 31, 2017, Nationstar executed a Foreclosure Deed as servicer for U.S.  Bank granting the property to U.S.  Bank.  The Foreclosure Deed was recorded on February 24, 2017 in the City of Providence Land Evidence Records in Book 11649 at Page 129.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the

55

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:22 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 03/01/22 Page 75 of 120 PageID #: 194

R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law""
provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and
without force and effect, for Defendants' failure to comply with conditions precedent prior to
exercising the Statutory Power of Sale.

233.    The Charles Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of
the Charles Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY
POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis
Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the
Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""
and the property secured by the Charles Mortgage can only be sold in a manner prescribed by and
subject to ""applicable law"".

234.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are
in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General
pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs
to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable
law"", thus breaching the Charles Mortgage and for failing to first comply with the terms of the
mortgage prior to exercising the power of sale.

235.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph
22 of the Charles Mortgage contract due to Defendants' failure to foreclose and sell in the manner
prescribed by and subject to ""applicable law". Therefore, the foreclosure and sale are void,
invalid, and without force or effect, for Defendants' failure to comply with conditions precedent
prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H

Case Number: 1:22-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 76 of 120 PageID #: 195

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

236. The Charles Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE SULLIVAN REPRESENTATIVE PLAINTIFF

237. The Sullivan Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

238. Plaintiff, Jennifer J. Sullivan, claims to be the rightful owner of 25 Clayton Street, Middletown, RI 02842 which is the "subject property" referenced herein.

239. On July 31, 1995, the Sullivan Plaintiff was conveyed the subject property. The Deed granting the property to the Sullivan Plaintiff was recorded in the Town of Middletown Land Evidence Records in Book 375 at Page 179 on July 31, 1995.

240. On November 17, 2001, the Sullivan Plaintiff executed a promissory note and mortgage deed in favor of Fleet National Bank as lender and mortgagee. ("Sullivan Mortgage/Note"). The Sullivan Mortgage was recorded in the Town of Middletown Land Evidence Records in Book 637 at page 279 on February 5, 2002.

241. The Sullivan Mortgage states at Paragraph 15 as follows:

> 15. Acceleration; Remedies. On default, Lender may declare all sums secured by this Mortgage immediately due and payable, and Lender may invoke any of the remedies permitted under applicable law, including the STATUTORY POWER OF SALE, if any…. If Lender invokes a STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law…"

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 2:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00026-WSM-PAS Document 3 Filed 01/14/22 Page 77 of 120 PageID #: 196

242.    On January 29, 2014, the Sullivan Mortgage was purportedly assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the Town of Middletown Land Evidence Records in Book 1374 Page 145.

243.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

244.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

245.    On or about August 8, 2015, Nationstar, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Sullivan Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 29, 2015. Nationstar also caused to published said notice on September 8, 2015.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS   Document 83   Filed 02/14/22   Page 78 of 120 PageID #: 197

246.     The Sullivan Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on August 8, 2015 through November 4, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

247.     The Sullivan Plaintiff alleges, that on September 29, 2015, Nationstar, acting as third-party mortgage servicer for U.S. Bank foreclosed the Sullivan Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

248.     The Sullivan Plaintiff alleges, that on November 4, 2015, Nationstar executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on November 16, 2015 in the Town of Middletown Land Evidence Records in Book 1448 at Page 240. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

249.     The Sullivan Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Sullivan Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

59

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3390285
Reviewer: Victoria H

Case 1:20-cv-00020-WES-PAS Document 8 Filed 01/14/22 Page 79 of 120 PageID #: 198

and the property secured by the Sullivan Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

250.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Sullivan Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

251.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Sullivan Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

252.    The Sullivan Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## CLASS ALLEGATIONS

253.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

254.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 5:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS Document 13 Filed 01/14/22 Page 80 of 120 PageID #: 199

255.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales between July 1, 2015 through August 29, 2017, in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.

256.    Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

257.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

258.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

259.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal servicing fees, loss of use and equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

260.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

261.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

262.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1, and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

263.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Nationstar was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

264.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

265.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

266.    The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

267.    The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00026-MSM-PAS   Document 3   Filed 01/14/22   Page 82 of 120 PageID #: 201

268.     The claims of the Representative Plaintiffs are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

269.     The Representative Plaintiffs will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

270.     A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

271.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

272.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

273.     It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

274.     The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

275.     It is desirable to concentrate the litigation of the claims in this particular forum.

276.     There are little to no difficulties likely to be encountered in the management of a classification.

63

## COUNT I
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE
### (SERVICING LICENSE ALLEGATIONS)

277.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

278.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

279.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

280.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law"" at paragraph 22 of their respective mortgages.

281.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

282.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

283.    As noted above, the Representative Plaintiffs' Mortgages states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2022 8:22 PM
Envelope: 3899285
Reviewer: Jadana H

Case 1:23-cv-00020-MSM-PAS   Document 3   Filed 01/14/22   Page 84 of 120 PageID #: 203

the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

284.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

285.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:20-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 85 of 120 PageID #: 204

286.     The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Nationstar was not a licensed third-party servicer on behalf of U.S. Bank in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Nationstar's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

287.     Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

288.     The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." and or invoke the "STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:22 PM
Envelope: 3398285
Reviewer: Victoria H
Case 1:20-cv-00020-MSM-PAS Document 3 Filed 01/14/22 Page 86 of 120 PageID #: 205

""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

289.   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

290.   As such, the notices, publications, foreclosures and sales are in breach of the terms of paragraph 22 of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

291.   The mortgage contract entered into by the Plaintiffs constitutes valid offers.

292.   Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

293.   Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 87 of 120 PageID #: 206

294. The mortgage contracts were supported by consideration. The Plaintiffs' payments to Defendants constitutes consideration.

295. The Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

296. Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

297. There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

298. Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

299. As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan accounts were charged fees and costs and expenses for illegal servicing fees that were not permitted by applicable law including but not limited too certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

300. The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:42 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00026-MSM-PAS Document 8 Filed 03/01/22 Page 88 of 120 PageID #: 207

301.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

302.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

303.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

304.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

305.    The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

306.    The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 12/3/2021 3:47 PM
Envelope: 3398285
Reviewer: Victoria H

Case 1:22-cv-00020-MSM-PAS Document 8 Filed 03/01/14/22 Page 89 of 120 PageID #: 208

sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

307.    The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

308.    The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

309.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: October 21, 2021

>Respectfully Submitted,
>The Representative Plaintiffs,
>By their Attorney,
>/s/ Todd S. Dion
>Todd S. Dion Esq. (#6852)
>681 Park Avenue, Suite 24
>Cranston, RI 02910
>401-965-4131 Phone
>401-270-2202 Fax
>toddsdion@msn.com

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

# EXHIBIT B

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

# 3 NEW CT

| | | | |
|---|---|---|---|
| **Location** | 3 NEW CT | **Mblu** | 23/ / 0582/ / |
| **Acct#** | 230582 | **Owner** | SANINA BRIAN S & MARIA G |
| **Assessment** | $206,900 | **Appraisal** | $206,900 |
| **PID** | 7184 | **Building Count** | 1 |
| **% Res** | | | |

## Current Value

| Appraisal | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $148,900 | $58,000 | $206,900 |

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $148,900 | $58,000 | $206,900 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | SANINA BRIAN S & MARIA G | **Sale Price** | $132,000 |
| **Address** | 3 NEW CT | **Certificate** | |
| | PAWTUCKET, RI 02860 | **Book & Page** | 4084/ 37 |
| | | **Sale Date** | 05/04/2017 |
| | | **Instrument** | 36 |

## Ownership History

| Ownership History | | | | | |
|---|---|---|---|---|---|
| **Owner** | **Sale Price** | **Certificate** | **Book & Page** | **Instrument** | **Sale Date** |
| SANINA BRIAN S & MARIA G | $132,000 | | 4084/ 37 | 36 | 05/04/2017 |
| US BANK NATIONAL ASSOCN | $115,000 | | 4061/ 170 | 14 | 03/07/2017 |
| SAWYER MARK L & GAIL E | $0 | | 0/ | | |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1970 |

**Building Photo**

**Replacement Cost:**     $190,878

**Building Percent Good:**     78

**Replacement Cost**

**Less Depreciation:**     $148,900

| Building Attributes | |
|---|---|
| **Field** | **Description** |
| Style | Ranch |
| Model | Residential |
| Grade: | C |
| Stories: | 1 |
| Occupancy: | 1 |
| Exterior Wall 1: | Vinyl Siding |
| Exterior Wall 2: | |
| Roof Structure: | Gable |
| Roof Cover: | Asphalt Shingl |
| Interior Wall 1: | Drywall |
| Interior Wall 2: | |
| Interior Flr 1: | Carpet |
| Interior Flr 2 | |
| Heat Fuel: | Gas |
| Heat Type: | Forced Air |
| AC Type: | None |
| Total Bedrooms | 3 Bedrooms |
| Total Full Baths | 1 |
| Total Half Baths | 0 |
| Total Xtra Fixtrs: | 0 |
| Total Rooms | 5 |
| Bath Style: | Average |
| Kitchen Style: | Average |
| Fireplaces | 0 |
| Extra Openings | 0 |
| Gas Fireplaces | 0 |
| Fin Bsmt Area | 500 |
| Fin Bsmt Quality | Rec Room |
| Bsmt Garages | |
| Whirlpools | |



(http://images.vgsi.com/photos2/PawtucketRIPhotos/\00\04\44/65.jpg)

**Building Layout**



(http://images.vgsi.com/photos2/PawtucketRIPhotos//Sketches/7184_7184

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| **Code** | **Description** | **Gross Area** | **Living Area** |
| BAS | First Floor | 1,050 | 1,050 |
| UBM | Basement | 1,050 | 0 |
| | | 2,100 | 1,050 |

**Extra Features**

| Extra Features | Legend |
|---|---|

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:41 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:22-cv-00030-MSM-PAS Document 1-8 Filed 01/14/22 Page 93 of 120 PageID #: 212

No Data for Extra Features

## Land

### Land Use

| | |
|---|---|
| Use Code | 101 |
| Description | SINGLE FAMILY |
| Zone | RM |
| Neighborhood | 173 |
| Alt Land Appr | No |
| Category | |

### Land Line Valuation

| | |
|---|---|
| Size (Sqr Feet) | 5000 |
| Frontage | |
| Depth | |
| Assessed Value | $58,000 |
| Appraised Value | $58,000 |

## Outbuildings

| Outbuildings | Legend |
|---|---|
| No Data for Outbuildings | |

## Valuation History

| Appraisal | | | |
|---|---|---|---|
| Valuation Year | Improvements | Land | Total |
| 2021 | $148,900 | $58,000 | $206,900 |
| 2020 | $108,000 | $40,400 | $148,400 |
| 2019 | $108,000 | $40,400 | $148,400 |

| Assessment | | | |
|---|---|---|---|
| Valuation Year | Improvements | Land | Total |
| 2021 | $148,900 | $58,000 | $206,900 |
| 2020 | $108,000 | $40,400 | $148,400 |
| 2019 | $108,000 | $40,400 | $148,400 |

(c) 2016 Vision Government Solutions, Inc. All rights reserved.

# 131 LEDGE ST

| | | | |
|---|---|---|---|
| **Location** | 131 LEDGE ST | **Plat Lot Unit** | 77/ / 17/ / |
| **Owner** | Lewin Vicioso | **Building Name** | |
| **Assessment** | $197,900 | **PID** | 19516 |
| **Building Count** | 1 | | |

## Current Value

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $133,500 | $64,400 | $197,900 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | Lewin Vicioso | **Sale Price** | $0 |
| **Co-Owner** | | **Book & Page** | 12258/0060 |
| **Address** | 136 Windmill St | **Sale Date** | 01/11/2019 |
| | Providence, RI 02904 | | |

## Ownership History

| Ownership History | | | |
|---|---|---|---|
| **Owner** | **Sale Price** | **Book & Page** | **Sale Date** |
| Lewin Vicioso | $0 | 12258/0060 | 01/11/2019 |
| Lewin Vicioso | $0 | 12237/0216 | 12/17/2018 |
| NEF LLC | $0 | 12092/0311 | 07/06/2018 |
| NEF LLC | $0 | 11593/0186 | 12/19/2016 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1900 |
| **Replacement Cost:** | $222,422 |
| **Building Percent Good:** | 60 |
| **Replacement Cost Less Depreciation:** | $133,500 |

| Building Attributes | |
|---|---|
| **Field** | **Description** |

| Style: | Four Family |
| Multi-Family |

| Grade: | C |
| Stories: | 2.25 |
| Occupancy: | 4 |
| Exterior Wall 1: | Wood Shingle |
| Exterior Wall 2: | |
| Roof Structure: | Gable/Hip |
| Roof Cover: | Asphalt Shingl |
| Interior Wall 1: | Plaster |
| Interior Wall 2: | |
| Interior Floor 1 | Hardwood |
| Interior Floor 2 | |
| Heat Fuel: | Gas |
| Heat Type: | Hot Air-No Duc |
| AC Type | None |
| Total Bedrooms | 4 Bedrooms |
| Total Full Baths | 4 |
| Total Half Baths | 0 |
| Total Xtra Fixtrs: | 6 |
| Total Rooms | 16 |
| Bath Style | Typical |
| Kitchen Style: | Typical |
| Total Kitchens | 4 |
| Fireplaces | 0 |
| Extra Openings | 0 |
| Gas Fireplaces | 0 |
| Parking | 4 Spaces |
| CDU | AV |
| Num Park | |
| Bsmt Garages | |
| Fin Bsmt Area | |
| Fin Bsmt Type | |
| Rec Rm Area | |
| Rec Rm Type | |

**Building Photo**



(http://images.vgsi.com/photos/ProvidenceRIPhotos/\00\05\60\48.jpg)

**Building Layout**

FAT
FUS
BAS
UBM

26

42

(ParcelSketch.ashx?pid=19516&bid=19516)

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| Code | Description | Gross Area | Living Area |
| BAS | First Floor | 1,092 | 1,092 |
| FUS | Finished Upper Story | 1,092 | 1,092 |
| FAT | Finished Attic | 1,092 | 328 |
| UBM | Basement | 1,092 | 0 |
| | | 4,368 | 2,512 |

**Extra Features**

| Extra Features | Legend |
|---|---|
| No Data for Extra Features | |

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Victoria H

**Land**

### Land Use

| | |
|---|---|
| Use Code | 104 |
| Description | Four Family |
| Alt Land Appr | No |

### Land Line Valuation

| | |
|---|---|
| Size (Acres) | 0.11 |
| Assessed Value | $64,400 |

### Outbuildings

| Outbuildings | Legend |
|---|---|
| No Data for Outbuildings | |

### Valuation History

| Assessment | | | |
|---|---|---|---|
| Valuation Year | Improvements | Land | Total |
| 2021 | $133,500 | $64,400 | $197,900 |

(c) 2022 Vision Government Solutions, Inc. All rights reserved.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 5:41 PM
Envelope: 3446363
Reviewer: Victoria H

PC-2021-07330 MSM-PAS Document 3ed Filed 01/14/22 Page 97 of 120 PageID #: 216

# 220 CAMP ST

| | | | |
|---|---|---|---|
| **Location** | 220 CAMP ST | **Plat Lot Unit** | 5/ / 2/ / |
| **Owner** | BLUEBIRD HOMES LLC | **Building Name** | |
| **Assessment** | $285,400 | **PID** | 9266 |

**Building Count** 1

## Current Value

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $191,300 | $94,100 | $285,400 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | BLUEBIRD HOMES LLC | **Sale Price** | $0 |
| **Co-Owner** | | **Book & Page** | 12655/0198 |
| **Address** | 1000 New London Ave | **Sale Date** | 03/02/2020 |
| | Providence, RI 02906 | | |

## Ownership History

| Ownership History | | | |
|---|---|---|---|
| **Owner** | **Sale Price** | **Book & Page** | **Sale Date** |
| BLUEBIRD HOMES LLC | $0 | 12655/0198 | 03/02/2020 |
| Michael Friedman | $162,500 | 11917/0189 | 12/22/2017 |
| US Bank Home Mortgage | $562,500 | 11768/0185 | 07/11/2017 |
| DAVID HECTOR | $0 | 99999/9999 | 07/07/2012 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1876 |
| **Replacement Cost:** | $294,257 |
| **Building Percent Good:** | 65 |
| **Replacement Cost Less Depreciation:** | $191,300 |

| Building Attributes | |
|---|---|
| **Field** | **Description** |

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2022 5:42 PM
Envelope: 3446363
Reviewer: Nicole H

| | |
|---|---|
| Style: | Conventional |
| | Residential |
| Grade: | B- |
| Stories: | 1.5 |
| Occupancy: | 1 |
| Exterior Wall 1: | Clapboard |
| Exterior Wall 2: | |
| Roof Structure: | Gable/Hip |
| Roof Cover: | Slate |
| Interior Wall 1: | Drywall |
| Interior Wall 2: | |
| Interior Floor 1 | Hardwood |
| Interior Floor 2 | Marble |
| Heat Fuel: | Gas |
| Heat Type: | Forced Air |
| AC Type | Central |
| Total Bedrooms | 04 |
| Total Full Baths | 2 |
| Total Half Baths | 0 |
| Total Xtra Fixtrs: | 0 |
| Total Rooms | 12 |
| Bath Style | Modern |
| Kitchen Style: | Modern |
| Total Kitchens | 1 |
| Fireplaces | 0 |
| Extra Openings | 0 |
| Gas Fireplaces | 0 |
| Parking | 3 Spaces |
| CDU | AV |
| Num Park | |
| Bsmt Garages | |
| Fin Bsmt Area | |
| Fin Bsmt Type | |
| Rec Rm Area | |
| Rec Rm Type | |

**Building Photo**



(http://images.vgsi.com/photos/ProvidenceRIPhotos/\00\05\54\62.jpg)

**Building Layout**



(ParcelSketch.ashx?pid=9266&bid=9266)

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| Code | Description | Gross Area | Living Area |
| BAS | First Floor | 1,497 | 1,497 |
| FHS | Finished Half Story | 936 | 562 |
| FUS | Finished Upper Story | 264 | 264 |
| FEP | Fin Encl Porch | 104 | 0 |
| FOP | Open Porch | 63 | 0 |
| UBM | Basement | 1,497 | 0 |
| | | 4,361 | 2,323 |

**Extra Features**

**Extra Features**                                                            **Legend**

No Data for Extra Features

## Land

### Land Use

| | |
|---|---|
| **Use Code** | 101 |
| **Description** | Single Family |
| **Alt Land Appr** | No |

### Land Line Valuation

| | |
|---|---|
| **Size (Acres)** | 0.08 |
| **Assessed Value** | $94,100 |

## Outbuildings

| **Outbuildings** | **Legend** |
|---|---|
| No Data for Outbuildings | |

## Valuation History

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $191,300 | $94,100 | $285,400 |

(c) 2022 Vision Government Solutions, Inc. All rights reserved.

Case 1:22-cv-00020-MSM-PAS Document 8-1 Filed 01/14/22 Page 100 of 120 PageID #: 219

# 176 CLEWS ST

| | | | |
|---|---|---|---|
| **Location** | 176 CLEWS ST | **Mblu** | 02/ / 0145/ / |
| **Acct#** | 020145 | **Owner** | ZULUAGA MARIO P & MONIKA A |
| **Assessment** | $320,900 | **Appraisal** | $320,900 |
| **PID** | 296 | **Building Count** | 1 |
| **% Res** | | | |

## Current Value

| Appraisal | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $231,900 | $89,000 | $320,900 |

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $231,900 | $89,000 | $320,900 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | ZULUAGA MARIO P & MONIKA A | **Sale Price** | $255,000 |
| **Address** | 176 CLEWS ST | **Certificate** | |
| | PAWTUCKET, RI 02861 | **Book & Page** | 4201/ 85 |
| | | **Sale Date** | 03/05/2018 |
| | | **Instrument** | 00 |

## Ownership History

| Ownership History | | | | | |
|---|---|---|---|---|---|
| **Owner** | **Sale Price** | **Certificate** | **Book & Page** | **Instrument** | **Sale Date** |
| ZULUAGA MARIO P & MONIKA A | $255,000 | | 4201/ 85 | 00 | 03/05/2018 |
| CORREIA TONY | $2,646 | | 4126/ 320 | 04 | 08/21/2017 |
| CORREIA TONY & CONLEY THOMAS | $1 | | 4116/ 76 | 01 | 07/21/2017 |
| CORREIA TONY & MARK | $146,882 | | 4116/ 73 | 36 | 07/21/2017 |
| US BANK NATIONAL ASSSOC & CONLEY THOMAS | $307,544 | | 4090/ 253 | 04 | 05/22/2017 |

## Building Information

### Building 1 : Section 1

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Year Built
Case 1:22-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 101 of 120 PageID #: 220

| Year Built | 1950 |
| **Living Area:** | 2,032 |
| **Replacement Cost:** | $322,107 |
| **Building Percent Good:** | 72 |
| **Replacement Cost** | |
| **Less Depreciation:** | $231,900 |

| Building Attributes | |
|---|---|
| **Field** | **Description** |
| Style | Conventional |
| Model | Residential |
| Grade: | C+ |
| Stories: | 2 |
| Occupancy: | 1 |
| Exterior Wall 1: | Vinyl Siding |
| Exterior Wall 2: | |
| Roof Structure: | Gable |
| Roof Cover: | Asphalt Shingl |
| Interior Wall 1: | Drywall |
| Interior Wall 2: | |
| Interior Flr 1: | Carpet |
| Interior Flr 2 | |
| Heat Fuel: | Oil |
| Heat Type: | Forced Air |
| AC Type: | Central |
| Total Bedrooms | 3 Bedrooms |
| Total Full Baths | 1 |
| Total Half Baths | 0 |
| Total Xtra Fixtrs: | 0 |
| Total Rooms | 5 |
| Bath Style: | Average |
| Kitchen Style: | Average |
| Fireplaces | 0 |
| Extra Openings | 0 |
| Gas Fireplaces | 0 |
| Fin Bsmt Area | |
| Fin Bsmt Quality | |
| Bsmt Garages | |
| Whirlpools | |

**Building Photo**



(http://images.vgsi.com/photos2/PawtucketRIPhotos//\00\05\27/92.jpg)

**Building Layout**



(http://images.vgsi.com/photos2/PawtucketRIPhotos//Sketches/296_296.jp

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| **Code** | **Description** | **Gross Area** | **Living Area** |
| BAS | First Floor | 1,388 | 1,388 |
| FUS | Finished Upper Story | 644 | 644 |
| UBM | Basement | 1,388 | 0 |
| | | 3,420 | 2,032 |

**Extra Features**

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

No Data for Extra Features

## Land

### Land Use

| | |
|---|---|
| **Use Code** | 101 |
| **Description** | SINGLE FAMILY |
| **Zone** | RS |
| **Neighborhood** | 015 |
| **Alt Land Appr** | No |
| **Category** | |

### Land Line Valuation

| | |
|---|---|
| **Size (Sqr Feet)** | 5000 |
| **Frontage** | |
| **Depth** | |
| **Assessed Value** | $89,000 |
| **Appraised Value** | $89,000 |

## Outbuildings

| Outbuildings | Legend |
|---|---|
| No Data for Outbuildings | |

## Valuation History

| Appraisal | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $231,900 | $89,000 | $320,900 |
| 2020 | $159,300 | $77,500 | $236,800 |
| 2019 | $159,300 | $77,500 | $236,800 |

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $231,900 | $89,000 | $320,900 |
| 2020 | $159,300 | $77,500 | $236,800 |
| 2019 | $159,300 | $77,500 | $236,800 |

(c) 2016 Vision Government Solutions, Inc. All rights reserved.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:23-cv-00020-JJM-PAS Document 60-1 Filed 01/14/22 Page 103 of 120 PageID #: 222

**NORTHEAST** REVALUATION GROUP LLC

# North Providence
(Summary Data - may not be Complete Representation of Property)

**NORTHEAST** REVALUATION GROUP LLC

| | | | |
|---|---|---|---|
| **Parcel:** 20-670 | **Location:** 229 Waterman AVE | **Owner:** Kinlaw Tracey | |
| **Account:** 8021 | **User Acct:** R00-0966-49 | **LUC:** 01 - Single Fam | **Zoning:** RG |

### Parcel Values
| | | | |
|---|---|---|---|
| **Total:** $231,600 | **Land:** $119,300 | **Land Area:** 0.457 AC | **Building:** $112,300 | **Assessed:** $231,600 |

### Sales Information
| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 3500-181 | Warranty | 02/22/2021 | $330,000 | McMurray Jordan |
| 3252-238 | Warranty | 07/02/2018 | $263,500 | Spero Homes LLC |

| | | | |
|---|---|---|---|
| **Building Type:** Convntl | **Year Built:** 1900 | **Grade:** Q4 | **Condition:** FR |
| **Heat Fuel:** Gas | **Heat Type:** Forced Air | **% Air Conditioned:** 100.00 | **Fireplaces:** 0 |
| **Exterior Wall:** Clapboard | **Bsmnt Garage:** 0 | **Roof Cover:** Asphalt | **# of Units:** 1 |
| **# of Rooms:** 8 | **# of Bedrooms:** 4 | **Full Bath:** 1 | **1/2 Baths:** 1 |

### Yard Item(s)
| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|
| Shed | 1 | 144 | 1900 | AV | Average | $1,000.00 |

### Building Areas
| Area | Net Area | Finished Area |
|---|---|---|
| 1st Floor | 720 SF | 720 SF |
| 3/4 Story | 612 SF | 612 SF |
| BASEMENT | 720 SF | 0 SF |
| ENCLOSED PORCH | 30 SF | 0 SF |
| Open Frame Porch | 324 SF | 0 SF |
| Patio | 720 SF | 0 SF |

**Disclaimer: This information is for tax assessing purposes and is not warranted**





Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H
Case 1:22-cv-00020-MSM-PAS Document 8d Filed 01/14/22 Page 104 of 120 PageID #: 223

# 177 MAURAN AVE

| | | | |
|---|---|---|---|
| **Location** | 177 MAURAN AVE | **Mblu** | 106/ 34/ 041/ 00/ |
| **Acct#** | 61-1231-94 | **Owner** | COSTA, NELIA M |
| **Assessment** | $177,300 | **PID** | 1248 |

**Building Count** 1

## Current Value

| Assessment | | | | | |
|---|---|---|---|---|---|
| Valuation Year | Building | Extra Features | Outbuildings | Land | Total |
| 2019 | $139,900 | $0 | $0 | $37,400 | $177,300 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | COSTA, NELIA M | **Sale Price** | $192,000 |
| **Co-Owner** | | **Book & Page** | 4006/ 210 |
| | | **Sale Date** | 04/02/2018 |
| | | **Instrument** | 01 |

## Ownership History

| Ownership History | | | | |
|---|---|---|---|---|
| Owner | Sale Price | Book & Page | Instrument | Sale Date |
| COSTA, NELIA M | $192,000 | 4006/ 210 | 01 | 04/02/2018 |
| FRECHETTE, DANIELLE E | $108,000 | 3926/ 198 | 60 | 07/25/2017 |
| ALMEIDA, ROSA | $0 | 3447/ 121 | 03 | 03/25/2013 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1947 |
| **Living Area:** | 980 |
| **Building Percent Good:** | 72 |
| **Replacement Cost** | |
| **Less Depreciation:** | $139,900 |

| Building Attributes | |
|---|---|
| Field | Description |
| Style | Cape Cod |

| | |
|---|---|
| Stories | 1.5 |
| Occupancy | 1 |
| Exterior Wall 1 | Vinyl Siding |
| Exterior Wall 2 | |
| Roof Structure: | Gable/Hip |
| Roof Cover | Asph/F Gls/Cmp |
| Interior Wall 1 | Plastered |
| Interior Wall 2 | |
| Interior Flr 1 | Hardwood |
| Interior Flr 2 | Pine/Soft Wood |
| Heat Fuel | Gas |
| Heat Type: | Hot Water |
| AC Type: | None |
| Bedrooms: | 3 |
| Full Bathrooms: | 1 |
| Half Baths: | 1 |
| Extra Fixtures: | 1 |
| Total Rooms: | 5 |

**Building Photo**



(http://images.vgsi.com/photos2/EastProvidenceRIPhotos//00\02\92/63.jpg)

**Building Layout**



(http://images.vgsi.com/photos2/EastProvidenceRIPhotos//Sketches/1248_

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| Code | Description | Gross Area | Living Area |
| BAS | First Floor | 754 | 754 |
| FAT | Attic, Finished | 754 | 226 |
| FBM | Basement, Finished | 312 | 0 |
| FEP | Porch, Enclosed, Finished | 192 | 0 |
| UBM | Basement, Unfinished | 442 | 0 |
| | | 2,454 | 980 |

## Extra Features

| Extra Features | Legend |
|---|---|
| No Data for Extra Features | |

## Land

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

**Land Use**

| | | | | |
|---|---|---|---|---|
| **Use Code** | 1010 | **Size (Acres)** | 0.12 |
| **Description** | SINGLE FAM M01 | **Depth** | |
| **Zone** | R6 | **Assessed Value** | $37,400 |
| **Alt Land Appr** | No | | |
| **Category** | | | |

## Outbuildings

| Outbuildings | Legend |
|---|---|
| No Data for Outbuildings | |

(c) 2022 Vision Government Solutions, Inc. All rights reserved.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2023 3:42 PM
Envelope: 3446363
Reviewer: Maria H

| | | | |
|---|---|---|---|
| **Parcel:** 006-0449-0-000 | **Location:** 6 LAVOIE COURT | **Owner:** MARCILLE HEATHER | |
| **Account:** 2036 | **User Acct:** 14-0085-27 | **LUC:** 01 - Single Fam | **Zoning:** R6 |

**Parcel Values**

| | | | | |
|---|---|---|---|---|
| **Total:** $113,900 | **Land:** $38,500 | **Land Area:** 0.058 AC | **Building:** $75,400 | **Assessed:** $113,900 |

**Sales Information**

| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 2482-238 | Warranty | 04/05/2017 | $129,900 | LACROIX JOSEPH |
| 2461-142 | Quit Claim | 11/09/2016 | $37,500 | US BANK NATIONAL ASSOC |

| | | | |
|---|---|---|---|
| **Building Type:** Gambrel | **Year Built:** 1920 | **Grade:**08 | **Condition:**FR |
| **Heat Fuel:** Oil | **Heat Type:** Hot Water | **% Air Conditioned:** 0.00 | **Fireplaces:**0 |
| **Exterior Wall:**Vinyl | **Bsmnt Garage:** 0 | **Roof Cover:** Asphalt | **# of Units:** 1 |
| **# of Rooms:** 7 | **# of Bedrooms:** 3 | **Full Bath:** 1 | **1/2 Baths:** 0 |

**Yard Item(s)**

| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|

**Building Areas**

| Area | Net Area | Finished Area |
|---|---|---|
| 1st Floor | 672 SF | 672 SF |
| 90% Upper | 518.4 SF | 518.4 SF |
| Basement | 576 SF | 0 SF |

Disclaimer: This information is for tax

assessing purposes

and is not warranted





Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2023 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case 1:23-cv-00020-MSM-PAS Document 8 Filed 01/14/22 Page 108 of 120 PageID #: 227

# 108 WEST SHORE DR

| | | | |
|---|---|---|---|
| **Location** | 108 WEST SHORE DR | **Mblu** | 83/ 6/ 9/ / |
| **Acct#** | 00-4527-62 | **Owner** | MOONEY DAVID M & DEBRA L |
| **PBN** | Single Family Res | **Assessment** | $308,900 |
| **Appraisal** | $308,900 | **PID** | 2421 |

**Building Count** 1

## Current Value

| Appraisal | | | | | |
|---|---|---|---|---|---|
| **Valuation Year** | **Building** | **Extra Features** | **Outbuildings** | **Land** | **Total** |
| 2020 | $146,000 | $0 | $0 | $162,900 | $308,900 |

| Assessment | | | | | |
|---|---|---|---|---|---|
| **Valuation Year** | **Building** | **Extra Features** | **Outbuildings** | **Land** | **Total** |
| 2020 | $146,000 | $0 | $0 | $162,900 | $308,900 |

## Parcel Addresses

| Additional Addresses |
|---|
| No Additional Addresses available for this parcel |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | MOONEY DAVID M & DEBRA L | **Sale Price** | $327,000 |
| **Co-Owner** | | **Certificate** | |
| **Address** | 1892 LOUISQUISSET PIKE | **Book** | 536 |
| | LINCOLN, RI 02865 | **Page** | 243 |
| | | **Sale Date** | 07/29/2019 |
| | | **Instrument** | 99 |

## Ownership History

| Ownership History | | | | | | |
|---|---|---|---|---|---|---|
| **Owner** | **Sale Price** | **Certificate** | **Instrument** | **Sale Date** | **Book** | **Page** |
| MOONEY DAVID M & DEBRA L | $327,000 | | 99 | 07/29/2019 | 536 | 243 |
| BRUNO-ARCHAMBAULT JULIE A | $180,012 | | 14 | 08/31/2017 | 508 | 225 |
| BRUNO-ARCHAMBAULT JULIE A | $505,755 | | 12 | 07/28/2017 | 507 | 1 |

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/982/2028 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

| | $360,000 | | 99 | 10/04/2005 | 000277 | 000153 |
| | $0 | | 99 | 9/21/2008 | 000307 | 000102 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1952 |
| **Living Area:** | 1,485 |
| **Building Percent Good:** | 74 |
| **Replacement Cost** | |
| **Less Depreciation:** | $146,000 |

| Building Attributes | |
|---|---|
| **Field** | **Description** |
| Style | Cape |
| Model | Residential |
| Grade | Avg |
| Stories | 1.75 |
| Foundation | Poured Conc |
| Exterior Wall 1 | Vinyl/Alum |
| Roof Structure | Gable |
| Roof Cover | Asphalt |
| Interior Wall 1 | Paneling |
| Int vs. Ext Condition | Equivalent |
| Interior Floor 1 | Carpet |
| Interior Floor 2 | |
| Heat Fuel | Oil |
| Heat Type | HW / Steam |
| Air Cond. | None |
| Bedrooms | 2 |
| Full Baths | 1 |
| Half Baths | 1 |
| Extra Fixtures | None |
| Total Rooms | 5 |
| Bath Style | Average |
| Kitchen Style | Good |
| Num Kitchens | |
| Cndtn | |
| AC % | 0 |
| Heat % | 100 |
| Living Units | 1 |
| Bsmt Quality | |
| Fireplaces | 0 FP |

### Building Photo



(http://images.vgsi.com/photos2/ExeterRIPhotos//\0014\P1010996_14449.

### Building Layout



(ParcelSketch.ashx?pid=2421&bid=2421)

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| **Code** | **Description** | **Gross Area** | **Living Area** |
| BAS | Base Area | 1,042 | 1,042 |
| TQS | 3/4 Story | 590 | 443 |
| PBM | Partial Basement | 590 | 0 |
| PTO | Patio | 441 | 0 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 2.00 | | WDR | Wood Deck | | 759 | 0 |
| | None | | | | | | 3,146 | 1,485 |
| Sump Pump | 00 | | | | | | | |
| Bsmt WO | NO | | | | | | | |
| Bsmt % Finish | 0 | | | | | | | |
| Damp/Wet Basement | 0 | | | | | | | |

## Extra Features

| Extra Features | Legend |
|---|---|
| No Data for Extra Features | |

## Land

### Land Use

| | |
|---|---|
| Use Code | 101R |
| Description | Single Family |
| Zone | RE-2 |
| Neighborhood | W2 |
| Alt Land Appr | No |
| Category | |

### Land Line Valuation

| | |
|---|---|
| Size (Acres) | 0.27 |
| Frontage | |
| Depth | |
| Assessed Value | $162,900 |
| Appraised Value | $162,900 |

## Outbuildings

| | | | Outbuildings | | | Legend |
|---|---|---|---|---|---|---|
| Code | Description | Sub Code | Sub Description | Size | Value | Bldg # |
| DOCK | Dock Rights | FR | Frame | 1.00 UNITS | $0 | 1 |

## Valuation History

| Appraisal | | | | | |
|---|---|---|---|---|---|
| Valuation Year | Building | Extra Features | Outbuildings | Land | Total |
| 2020 | $146,000 | $0 | $0 | $162,900 | $308,900 |
| 2019 | $126,900 | $0 | $2,900 | $141,700 | $271,500 |

| Assessment | | | | | |
|---|---|---|---|---|---|
| Valuation Year | Building | Extra Features | Outbuildings | Land | Total |
| 2020 | $146,000 | $0 | $0 | $162,900 | $308,900 |
| 2019 | $126,900 | $0 | $2,900 | $141,700 | $271,500 |

(c) 2022 Vision Government Solutions, Inc. All rights reserved.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2023 3:42 PM
Envelope: 3446363
Reviewer: Maria H

# West Warwick

(Summary Data - may be not be Complete Representation of Property)

**NORTHEAST** REVALUATION GROUP LLC

| | | |
|---|---|---|
| **Parcel:** 005-0582-0-000 | **Location:** 39 CURSON STREET | **Owner:** DELGADO CRUZ M |
| **Account:** 1757 | **User Acct:** 04-0471-23 | **LUC:** 01 - Single Fam **Zoning:** R6 |

### Parcel Values

**Total:** $143,400    **Land:** $38,700    **Land Area:** 0.066 AC    **Building:** $104,700    **Assessed:** $143,400

### Sales Information

| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 2482-3008 | Warranty | 09/22/2017 | $150,000 | RAPOSO NELSON |
| 2423-221 | Quit Claim | 05/10/2016 | $38,000 | US BANK NATIONAL ASSOCIATION |

| | | | |
|---|---|---|---|
| **Building Type:** Old Style | **Year Built:** 1880 | **Grade:** 08 | **Condition:** AV |
| **Heat Fuel:** Oil | **Heat Type:** Hot Water | **% Air Conditioned:** 0.00 | **Fireplaces:** 0 |
| **Exterior Wall:** Clap/WD Sh | **Bsmnt Garage:** 0 | **Roof Cover:** Asphalt | **# of Units:** 1 |
| **# of Rooms:** 6 | **# of Bedrooms:** 3 | **Full Bath:** 2 | **1/2 Baths:** 0 |

### Yard Item(s)

| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|
| Garage - Frame | 1 | 576 | 1940 | AV | Average | $9,300.00 |

### Building Areas

| Area | Net Area | Finished Area |
|---|---|---|
| 1st Floor | 592 SF | 592 SF |
| 3/4 Story | 345 SF | 345 SF |
| Basement | 556 SF | 0 SF |
| Basement Entry | 20 SF | 0 SF |
| Open Porch | 156 SF | 0 SF |
| Wood Deck | 290 SF | 0 SF |

**Disclaimer: This information is for tax assessing purposes and is not warranted**





Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H
#: 232

# 12 GLADSTONE ST

| | | | |
|---|---|---|---|
| **Location** | 12 GLADSTONE ST | **Mblu** | 27/ / 028/ / |
| **Acct#** | 18-0187-81 | **Owner** | RAJOTTE JAMES C |
| **Assessment** | $252,500 | **PID** | 2767 |
| **Building Count** | 1 | | |

## Current Value

| Assessment | | | | | |
|---|---|---|---|---|---|
| **Valuation Year** | **Building** | **Extra Features** | **Outbuildings** | **Land** | **Total** |
| 2020 | $135,800 | $1,600 | $1,400 | $113,700 | $252,500 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | RAJOTTE JAMES C | **Sale Price** | $229,000 |
| **Co-Owner** | | **Certificate** | |
| **Address** | 12 GLADSTONE ST | **Book & Page** | 1143/241 |
| | SMITHFIELD, RI 02917 | **Sale Date** | 12/29/2017 |
| | | **Instrument** | 00 |

## Ownership History

| Ownership History | | | | | |
|---|---|---|---|---|---|
| **Owner** | **Sale Price** | **Certificate** | **Book & Page** | **Instrument** | **Sale Date** |
| RAJOTTE JAMES C | $229,000 | | 1143/241 | 00 | 12/29/2017 |
| DEROY LEO | $80,325 | | 1097/089 | 1N | 03/10/2017 |
| US BANK NATIONAL ASSOC TRUSTEE | $0 | | 1097/084 | 1N | 03/10/2017 |
| US BANK NATIONAL ASSOC TRUSTEE | $197,736 | | 1075/062 | 1L | 10/21/2016 |
| LYNCH LINDA A ET AL | $0 | | 1087/258 | 1N | 10/20/2016 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1950 |
| **Living Area:** | 1,579 |
| **Building Percent Good:** | 78 |
| **Replacement Cost** | |
| **Less Depreciation:** | $135,800 |

| Field | Description |
|---|---|
| Style: | Cape Cod |
| Model: | Residential |
| Grade: | Average |
| Stories: | 1.75 |
| Occupancy | 1 |
| Exterior Wall 1 | Vinyl Siding |
| Exterior Wall 2 | |
| Roof Structure: | Gable/Hip |
| Roof Cover | Asph/F Gls/Cmp |
| Interior Wall 1 | Plastered |
| Interior Wall 2 | |
| Interior Flr 1 | Hardwood |
| Interior Flr 2 | Carpet |
| Heat Fuel | Gas |
| Heat Type: | Hot Water |
| AC Type: | None |
| Total Bedrooms: | 3 Bedrooms |
| Full Bathrooms | 2 |
| Half Bathrooms | 0 |
| Total Xtra Fixtrs: | 1 |
| Total Rooms: | 6 Rooms |
| Bath Style: | Modern |
| Kitchen Style: | Above Avg |
| Xtra Kitchen: | |

## Building Photo



(PhotoHandler.ashx?pid=2767&bid=2767)

## Building Layout



(ParcelSketch.ashx?pid=2767&bid=2767)

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| Code | Description | Gross Area | Living Area |
| BAS | First Floor | 872 | 872 |
| TQS | Three Quarter Story | 832 | 707 |
| FBM | Basement, Finished | 400 | 0 |
| UBM | Basement, Unfinished | 432 | 0 |
| WDK | Deck, Wood | 324 | 0 |
| | | 2,860 | 1,579 |

## Extra Features

| Extra Features | | | | Legend |
|---|---|---|---|---|
| Code | Description | Size | Value | Bldg # |
| FPL | ZERO CL FPL | 1.00 UNITS | $1,600 | 1 |

## Land

### Land Use

### Land Line Valuation

Page 114

| Use | | | Size (Acres) | |
| **Description** | SINGLE FAM MDL-01 | | **Depth** | |
| **Zone** | R20 | | **Assessed Value** | $113,700 |
| **Alt Land Appr** | No | | | |
| **Category** | | | | |

## Outbuildings

| Outbuildings | | | | Legend |
|---|---|---|---|---|
| **Code** | **Description** | **Size** | **Value** | **Bldg #** |
| SPL1 | POOL-INGR CONC | 22.00 S.F. | $300 | 1 |
| PDK | POOL DECK | 224.00 S.F. | $1,100 | 1 |

(c) 2022 Vision Government Solutions, Inc. All rights reserved.

# 708 ATWELLS AVE

| | | | |
|---|---|---|---|
| **Location** | 708 ATWELLS AVE | **Plat Lot Unit** | 62/ / 445/ / |
| **Owner** | Dexter Jackson | **Building Name** | |
| **Assessment** | $178,200 | **PID** | 9644 |
| **Building Count** | 2 | | |

### Current Value

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $137,800 | $40,400 | $178,200 |

### Owner of Record

| | | | | |
|---|---|---|---|---|
| **Owner** | Dexter Jackson | **Sale Price** | $79,000 |
| **Co-Owner** | | **Book & Page** | 11675/0270 |
| **Address** | 110 Bowdoin Ave | **Sale Date** | 03/29/2017 |
| | Providence, RI 02909 | | |

### Ownership History

| Ownership History | | | |
|---|---|---|---|
| **Owner** | **Sale Price** | **Book & Page** | **Sale Date** |
| Dexter Jackson | $79,000 | 11675/0270 | 03/29/2017 |
| Zak Fang | $41,500 | 11675/0256 | 03/29/2017 |
| US Bank Nat Associates, Trustee | $236,500 | 11611/0035 | 01/06/2017 |
| Russell L Blais Trustee | $0 | 11609/0101 | 01/04/2017 |

### Building Information

#### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1920 |
| **Replacement Cost:** | $195,038 |
| **Building Percent Good:** | 30 |
| **Replacement Cost Less Depreciation:** | $58,500 |

| Building Attributes | |
|---|---|
| **Field** | **Description** |

| | Two Family |
|---|---|
| | Multi-Family |
| Grade: | C |
| Stories: | 2 |
| Occupancy: | 2 |
| Exterior Wall 1: | Brick |
| Exterior Wall 2: | |
| Roof Structure: | Flat |
| Roof Cover: | T+G/Rubber |
| Interior Wall 1: | Plaster |
| Interior Wall 2: | |
| Interior Floor 1 | Hardwood |
| Interior Floor 2 | |
| Heat Fuel: | Gas |
| Heat Type: | Hot Air-No Duc |
| AC Type | None |
| Total Bedrooms | 2 Bedrooms |
| Total Full Baths | 2 |
| Total Half Baths | 0 |
| Total Xtra Fixtrs: | 2 |
| Total Rooms | 6 |
| Bath Style | Typical |
| Kitchen Style: | Typical |
| Total Kitchens | 2 |
| Fireplaces | 0 |
| Extra Openings | 0 |
| Gas Fireplaces | 0 |
| Parking | No OS Parkg |
| CDU | AV |
| Num Park | |
| Bsmt Garages | |
| Fin Bsmt Area | |
| Fin Bsmt Type | |
| Rec Rm Area | |
| Rec Rm Type | |

## Building Photo



(http://images.vgsi.com/photos/ProvidenceRIPhotos/\00\07\67\27.jpg)

## Building Layout



(ParcelSketch.ashx?pid=9644&bid=9644)

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| Code | Description | Gross Area | Living Area |
| FUS | Finished Upper Story | 770 | 770 |
| BAS | First Floor | 754 | 754 |
| FOP | Open Porch | 20 | 0 |
| UBM | Basement | 754 | 0 |
| | | 2,298 | 1,524 |

## Building 2 : Section 1

| | |
|---|---|
| Year Built: | 1920 |
| Replacement Cost: | $176,242 |

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court MSM-PAS Document 31 01/18/02/14/22 29 Page 118 of 120 PageID
Submitted: 2022 Sept March 00Q420 #: 237
Envelope: Replacement Cost
Reviewer: Victoria H
Less Depreciation: $79,300

| Building Attributes : Bldg 2 of 2 | |
|---|---|
| **Field** | **Description** |
| Style | Two Family |
| Model | Multi-Family |
| Grade: | C |
| Stories: | 2 |
| Occupancy: | 2 |
| Exterior Wall 1: | Brick |
| Exterior Wall 2: | |
| Roof Structure: | Gable/Hip |
| Roof Cover: | Asphalt Shingl |
| Interior Wall 1: | Plaster |
| Interior Wall 2: | |
| Interior Floor 1 | Hardwood |
| Interior Floor 2 | |
| Heat Fuel: | Gas |
| Heat Type: | Hot Air-No Duc |
| AC Type | None |
| Total Bedrooms | 4 Bedrooms |
| Total Full Baths | 2 |
| Total Half Baths | 0 |
| Total Xtra Fixtrs: | 2 |
| Total Rooms | 8 |
| Bath Style | Typical |
| Kitchen Style: | Typical |
| Total Kitchens | 2 |
| Fireplaces | 0 |
| Extra Openings | 0 |
| Gas Fireplaces | 0 |
| Parking | No OS Parkg |
| CDU | FR |
| Num Park | |
| Bsmt Garages | |
| Fin Bsmt Area | |
| Fin Bsmt Type | |
| Rec Rm Area | |
| Rec Rm Type | |

**Building Photo**



(http://images.vgsi.com/photos/ProvidenceRIPhotos//default.jpg)

**Building Layout**



(ParcelSketch.ashx?pid=9644&bid=44350)

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| **Code** | **Description** | **Gross Area** | **Living Area** |
| BAS | First Floor | 546 | 546 |
| FUS | Finished Upper Story | 546 | 546 |
| UBM | Basement | 546 | 0 |
| | | 1,638 | 1,092 |

**Extra Features**

## Extra Features

No Data for Extra Features

## Land

### Land Use

| | |
|---|---|
| Use Code | 104 |
| Description | Four Family |
| Alt Land Appr | No |

### Land Line Valuation

| | |
|---|---|
| Size (Acres) | 0.06 |
| Assessed Value | $40,400 |

## Outbuildings

**Outbuildings** **Legend**

No Data for Outbuildings

## Valuation History

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $137,800 | $40,400 | $178,200 |

(c) 2022 Vision Government Solutions, Inc. All rights reserved.

Case Number: PC-2021-07330
Filed in Providence/Bristol County Superior Court MSM-PAS Document 31 Filed 01/14/22 Page 120 of 120 PageID
Submitted: 1/13/2022 3:42 PM
Envelope: 3446363
Reviewer: Victoria H
#: 239

# 158 FOURTH ST

| | | | |
|---|---|---|---|
| **Location** | 158 FOURTH ST | **Plat Lot Unit** | 73/ / 100/ / |
| **Owner** | LUZVIMINDA R SOUNESS | **Building Name** | |
| **Assessment** | $507,500 | **PID** | 23037 |
| **Building Count** | 1 | | |

## Current Value

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2021 | $301,200 | $206,300 | $507,500 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | LUZVIMINDA R SOUNESS | **Sale Price** | $625,000 |
| **Co-Owner** | | **Book & Page** | 12406/0228 |
| **Address** | 156-158 Fourth St | **Sale Date** | 07/01/2019 |
| | Providence, RI 02906 | | |

## Ownership History

| Ownership History | | | |
|---|---|---|---|
| **Owner** | **Sale Price** | **Book & Page** | **Sale Date** |
| LUZVIMINDA R SOUNESS | $625,000 | 12406/0228 | 07/01/2019 |
| Luis Diaz | $0 | 11703/0029 | 05/01/2017 |
| Luis Diaz | $287,000 | 11692/0305 | 04/18/2017 |
| NEF LLC | $273,000 | 11692/0302 | 04/18/2017 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1900 |
| **Replacement Cost:** | $328,685 |
| **Building Percent Good:** | 90 |
| **Replacement Cost** | |
| **Less Depreciation:** | $295,800 |

| Building Attributes | |
|---|---|
| **Field** | **Description** |